McCulloch v. Hopper.

ROBERT McCULLOCH v. JOHN HOPPER ET AL.

In computing time under the statute of limitations, the day on which the cause of action accrued is not to be counted.

On rule to show cause.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *H. K. Coddington.*

For the defendants, *R. I. Hopper.*

The opinion of the court was delivered by

Dixon, J.    The main question in this case is whether, in computing the six years within which an action for money had and received must be brought, the day on which the money came to the defendant's hand should be counted. The money having been received on June 6th, 1878, and the suit begun on June 6th, 1884, is the statute of limitations a bar?

The exact six years, of course, ended at the moment on June 6th, 1884, corresponding to the moment on June 6th, 1878, when the cause of action accrued, but the inconvenience of the thing precludes inquiry as to when that moment was. The law concedes or withholds the entire day, and *de minimis non curat.*

The rule laid down in the older authorities for the computation of time is that when the time starts from an event the day of its occurrence shall be counted; for a part of the day is certainly included, and that is reckoned as a whole day, since " the law doth reject all divisions of a day for the uncertainty ;" but when the time starts from a day, that day shall not be counted, for the very words exclude it all.    *Clayton's case,* 5 *Rep.* 1; *King* v. *Adderley, Doug.* 463; *Castle* v. *Burditt,* 3 *T. R.* 623; *Glassington* v. *Rawlins,* 3 *East* 407.

The more recent decisions, however, disapprove the first branch of this rule, and hold that generally, in computing a period of time from an event, the day of the occurrence should not be included, Sir William Grant, in *Lester* v. *Garland,* 15 *Vesey* 248, giving this reason : " Our law rejects fractions of a day.    The effect is to render the day a sort of indivisible point, so that any act done in the compass of it is no more referable to any one than to any other portion of it; but the act and the day are co-extensive, and therefore the act cannot properly be said to be passed until the day is passed." *Mercer* v. *Ogilvie,* 3 *Cr. & Stew.* 434; *Young* v. *Higgon,* 6 *M. & W.* 49; *Mygett* v. *Washburn,* 15 *N. Y.* 316; *Sheets* v. *Selden,* 2 *Wall.* 177; *Bemis* v. *Leonard,* 118 *Mass.* 502.

In New Jersey from early times the rule seems to have

been to exclude the day of the *terminus a quo*, whether that *terminus* was a day or an event. Thus, the Insolvent Debtors' act, (*Pat. L., p.* 184, § 7,) required creditors to file a plea to the debtor's declaration " within twenty days after filing the said declaration," and this court held that the day when the *narr.* was filed, October 28th, was not to be reckoned as one of the twenty, and that a plea filed on November 17th was in season. *State* v. *Jackson,* 1 *South.* 323. The same rule is recognized in *Den* v. *Drake,* 3 *Halst.* 303 ; *Thorne* v. *Mosher,* 5 *C. E. Green* 257 ; *In re Evans,* 2 *Stew. Eq.* 571, and other cases.

In our legislation, also, the distinction between reckoning time from a day and reckoning it from an event seems to be disregarded. Thus, in section 105 of the Practice act, a defendant is required to plead to a declaration served " in thirty days after such service," provided there be endorsed on the same a notice to plead " within thirty days after the date of such service." The service and the date of the service evidently stand for the same thing.

We are of opinion that the statute of limitations should be construed in accordance with these precedents. The statute is in derogation of abstract right, creating a bar to many claims against which nothing can be alleged except its own " *ita scriptum est,*" and although courts do not on this account regard it with disfavor, yet when its provisions cannot be exactly enforced, but must be either slightly extended or slightly restricted, the fact that it takes away remedies is reason enough for preferring a strict interpretation. *Griffith* v. *Bogert,* 18 *How.* 158.

Let the rule to show cause be made absolute, the costs to abide the event of the suit.