DAVID WARSHAW, PLAINTIFF-APPELLANT, v. FRANK DE MAYO, DEFENDANT-RESPONDENT.

Argued January 22, 1930—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, Samuel Hilfman.

For the respondent, Nicholas Martini.

PER CURIAM.

This is a mechanics' lien claim action. The claim was filed July 23d, 1928, and the summons and complaint issued the same day. The last material, for which the claim was filed, was furnished March 23d, 1928.

A motion was made to strike out the summons and complaint upon the ground that the date of furnishing the last material as shown by the statement attached to the complaint was March 20th, 1928, thus placing the action out of time. Upon the hearing upon this motion, it clearly appearing, that this date in the statement was erroneous the court permitted the plaintiff to amend and this was done.

Subsequently the defendant moved to strike out the summons and complaint and dismiss the lien claim upon the ground that the claim was not filed within four months from the date of furnishing the last materials and because the summons and complaint were not issued within the same period. This motion seems to have been granted by the learned Circuit judge who heard it. In so doing we conclude he fell into error. It is a rule of construction and practice in this state, of long standing, that in computing periods of time from a date or event, the day or the date of event is to be excluded from such computation. *McCulloch* v. *Hopper,* 47 *N. J. L.* 189.

Excluding, in the present case, March 23d, 1928, the date of furnishing the last materials, would cause July 23d, 1928, to be the last day within the four months from March 23d and therefore the filing of the claim and the issuance of the summons and complaint on July 23d, 1928, were within time.

But if this were not so it would appear that the proceedings would still be within the time because July 22d, 1928, which appellant claims was the last day, fell on a Sunday and that being so the filing of the claim and issuance of summons and complaint upon the next secular day, July 23d, brought them within time. *Von de Place* v. *Weller,* 64 *N. J. L.* 155.

The judgment below is reversed.