67 N.J. Super. 587 (1961)
171 A.2d 346
PETER DeLISLE, PETITIONER-RESPONDENT,
v.
THE CITY OF CAMDEN, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1961.
Decided May 25, 1961.
*588 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Joseph M. Nardi, Jr. argued the cause for respondent-appellant (Mr. Samuel L. Supnick, City Counsel, attorney).
Mr. Meyer L. Sakin argued the cause for petitioner-respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
Petitioner appealed to the State Department of Civil Service from the action of the Director of Revenue and Finance of the City of Camden in terminating his service in the position of Cashier at the end of the three-month probationary period provided for by R.S. 11:22-6. His contention was that the notification to him of the unsatisfactory nature of his services was given too late, *589 and his tenure in the position therefore became vested. Civil Service agreed with him; Camden appeals its ruling.
The statute reads as follows:
"Appointments and promotions to positions in the competitive, noncompetitive and labor classes of the classified service shall be for a probationary period of three months. If, at the expiration of such period, the conduct or capacity of the probationer has not been satisfactory, to the appointing authority, the probationer shall be notified in writing that he will not receive absolute appointment, otherwise his retention in the service shall be equivalent to his final and absolute appointment."
On July 16, 1959 petitioner was promoted by the city authorities from his previous position of Senior Tax Clerk to that of Cashier. A letter to the petitioner by the appointing authority, the Director of the Department of Revenue and Finance of the city, dated October 15, 1959, notified him that his probationary service was unsatisfactory and that he was being returned to his former position. The testimony taken before the Department of Civil Service is conflicting as to whether this letter was delivered to petitioner on October 15, 1959, as claimed by the city, or on the afternoon of October 16, 1959, as sworn to by petitioner. The Department of Civil Service found the latter to have been the date of delivery of the notice. This finding is supported by the proofs and we adopt it.
We are unable, however, to agree with the Department that the fact so found requires the conclusion that the notification was late.
It is clear to us that the three-month probationary period did not expire until October 16, 1959. Although the city conceded in its brief that the period expired October 15, 1960, it repudiated that concession at the argument when the court questioned its correctness, and we gave the parties an opportunity to submit supplementary briefs on the point.
It is well settled that when a legal requirement fixes a number of days from a date or an event for the doing of an act, the computation is made by excluding the first *590 date and including the last, absent any legislative indication of intent that a different formula should apply. McCulloch v. Hopper, 47 N.J.L. 189, 190 (Sup. Ct. 1885); Kilmurray v. Gilfert, 10 N.J. 435, 439 (1952); State v. Rhodes, 11 N.J. 515, 521-522 (1953); Barron v. Green, 13 N.J. Super. 483 (Law Div. 1951). This is also the rule of computation used in our practice rules. R.R. 1:27.
The same rule is held applicable when the legal time period is stated in terms of months, Warshaw v. De Mayo, 8 N.J. Misc. 359 (Sup. Ct. 1930), or years, McCulloch v. Hopper, supra. Thus, in the Warshaw case, supra, involving the requirement that a mechanics lien claim action be instituted within four months from the date of furnishing the last materials, an action begun July 23, 1928 was held timely where the last material was furnished March 23, 1928. By general legislative definition, the word "month" means a calendar month. N.J.S.A. 1:1-2. The notion that a month means a lunar month, In re Ellis' Case, 8 N.J.L. 232 (Sup. Ct. 1825), is out of harmony with the common modern acceptation of the meaning of the term and with the authorities cited.
There can consequently be no doubt that the notification by the city in the present case to petitioner on October 16, 1959 was within three months of the commencement of his probationary period of service on July 16, 1959. This conclusion is sufficient to call for reversal.
Lest there be any misapprehension, however, that we agree with petitioner's argument that unless a probationer is notified of the city's dissatisfaction with him on or prior to the last day of the probationary period he will be held to have been conclusively retained as a permanent appointee, we note that the act does not require the notification to be given before the expiration of the probationary period. The statutory direction impliedly calls for notification "at the expiration of such period." It contemplates that the appointing authority may use the entire period, including its last day, for purposes of appraisal of the record and capacity of *591 the appointee, before arriving at its conclusion as to his fitness. It must logically follow, accordingly, that the appointing authority has a reasonable time after the expiration of the full test period of probation to notify the probationer of his failure. Cf. Weber Showcase & Fixture Co. v. Kaufman, 45 Ariz. 397, 44 P.2d 158 (Sup. Ct. 1935). Petitioner's argument that failure of notification for a single instant after the expiration of the last day of the period constitutes a conclusive retention of the employee in the permanent service is impracticable and unrealistic. But in view of the nature of the situation typically involved, a reasonable period for such notification would have to be short, so as to avoid the possibility of abuse by the appointing authority or of leading the employee to believe he had passed the test. The giving of such notice during the next working day after the end of the probationary period would appear to us clearly within a reasonable period for such notification. Therefore, even if the probationary period in the instant case were regarded as having terminated on October 15, 1959, the notification on October 16, 1959 would not have been out of time.
Petitioner cites Dodd v. Van Riper, 135 N.J.L. 167 (E. & A. 1947), but we cannot find that it affects the foregoing conclusions. It holds that where the probationary period is four months, the appointing authority, if acting in good faith, may arrive at a conclusion of unfitness of the probationer before the end of the period (at the end of three months) and notify him to that effect during the period. This is not inconsistent with the right of the appointing authority to withhold its judgment and notification until after the end of the full period. Petitioner cites other out-of-state cases in quite different kinds of situations. We do not find the holdings applicable to the case before us.
We therefore hold petitioner's temporary position of Cashier was properly terminated by the city.
The decision of the Department of Civil Service is reversed.