749 A.2d 422 (2000)
330 N.J. Super. 282
Gary M. HEIN, Plaintiff-Appellant,
v.
GM CONSTRUCTION CO., INC. and Roger A. Mumford, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted April 3, 2000.
Decided April 25, 2000.
Brian J. Mullen, Redbank, for plaintiff-appellant (Mr. Mullen, on the brief).
Pitney, Hardin, Kipp & Szuch, for defendants-respondents (Richard L. Plotkin and Gregory James Kerr, on the brief).
Before Judges HAVEY, KEEFE and COLLESTER.
*423 The opinion of the court was delivered by HAVEY, P.J.A.D.
Plaintiff appeals from an order for summary judgment dismissing his complaint alleging defects in his residential dwelling constructed by defendants. The residence was erected by defendants in 1987, and a certificate of occupancy was issued by the Borough of Tinton Falls on July 23, 1987. Plaintiff purchased the residence in 1994. Plaintiff filed his complaint on July 23, 1997.
The trial court granted defendants summary judgment and dismissed the complaint, concluding that it was timebarred under the statute of repose, N.J.S.A. 2A:14-1.1. The court determined that the statute began to run on the date of the issuance of the certificate of occupancy, July 23, 1987. Therefore, plaintiff's complaint had been filed ten years and one day after issuance of the certificate to defendants. Thus, the judge found that plaintiff's cause of action was barred by the ten-year time limitation under the statute. We conclude that in the computation of the time prescribed by a statute of repose, the day of the "event," shall not be included. We therefore reverse and remand for further proceedings.
N.J.S.A. 2A:14-1.1a states, in pertinent part:
No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property ... shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction.
The statute of repose "commences with substantial completion," which occurs when the certificate of occupancy is issued, Russo Farms, Inc. v. Vineland Board of Educ., 144 N.J. 84, 118, 675 A.2d 1077 (1996), in this case July 23, 1987. Plaintiff filed his complaint on July 23, 1997, ten years and one day after the issuance of the certificate of occupancy, if the issuance date is included in the computation of time prescribed by the statute.
The general rule followed by all but a few jurisdictions "is that in the computation of time prescribed by a statute of limitations, the first day, or the day upon which the cause of action accrued, is to be excluded." 51 Am.Jur.2d Limitation of Actions § 59 (2d ed.1970); and cases cited therein. Accord 20 A.L.R.2d 1249 (1951) and cases cited therein. It appears from the cited authority that courts "do not consider the particular terminology employed in the statute of limitations under consideration as having any bearing on the question of the inclusion or exclusion of the first or last day in the computation of time thereunder." 51 Am.Jur.2d, supra, at § 59 n. 18; see cases cited under 20 A.L.R.2d, supra, § 2 at 1251.
New Jersey has adopted this majority rule, pronounced as early as 1885, in McCulloch v. Hopper, 47 N.J.L. 189, 190 (Sup.Ct.1885), where the court rejected the "rule laid down in the older authorities ... that when the time starts from an event the day of its occurrence shall be counted...." Citing "more recent decisions," the court held that "in computing a period of time from an event, the day of the occurrence should not be included...." Ibid. Applying this rule, the court found that plaintiff's "money" action filed on June 6, 1884, on a loan given on June 6, 1878, was within the six-year statute of limitations. Id. at 191. New Jersey courts have since followed the rule pronounced in McCulloch. See Poetz v. Mix, 7 N.J. 436, 445, 81 A.2d 741 (1951); Patterson v. Monmouth Reg'l High School, 222 N.J.Super. 448, 451, 537 A.2d 696 (App. Div.1987), certif. denied, 110 N.J. 183, 540 A.2d 180 (1988); DeLisle v. Camden, 67 N.J.Super. 587, 589-90, 171 A.2d 346 (App. *424 Div.1961); McCulloch, supra, 47 N.J.L. at 190-91; Taylor v. Loyal Order of the Moose, 90 N.J.Super. 1, 4, 215 A.2d 801 (Law Div.1965). This is also the rule of computation used in our practice rules. R. 1:3-1.
One reason advanced for excluding the day of the event is that:
"Our law rejects fractions of a day. The effect is to render the day a sort of indivisible point, so that any act done in the compass of it is no more referable to any one than to any other portion of it; but the act and the day are co-extensive, and therefore the act cannot properly be said to be passed until the day is passed."
[McCulloch, supra, 47 N.J.L. at 190 (quoting Lester v. Garland, 15 Ves. Jun. 248, 257 (1808), reprinted in 33 Eng. Reg. 748 (1903)).]
Another reason cited is that a statute of limitations is "in derogation of abstract right," and thus should not be construed to prevent a forfeiture of that right. Id. at 191.
[A]nd although courts do not on this account regard it with disfavor, yet when its provisions cannot be exactly enforced, but must be either slightly extended or slightly restricted, the fact that it takes away remedies is reason enough for preferring a strict interpretation.

[Ibid.]
Defendants argue that the commonlaw rule excluding the "day of the event" applies only to statutes of limitations, and not to statutes of repose. We recognize that statutes of limitations and statutes of repose serve different purposes. Statutes of limitations serve to "protect against the litigation of stale claims, stimulating diligent prosecution of claims, penalizing dilatoriness, and serving as a measure of repose." Molnar v. Hedden, 138 N.J. 96, 101, 649 A.2d 71 (1994). The purpose of the statute of repose "is to provide a measure or repose and prevent `liability for life' against contractors and architects." Russo Farms, Inc., supra, 144 N.J. at 117, 675 A.2d 1077 (quoting Hudson County v. Terminal Constr. Corp., 154 N.J.Super. 264, 268, 381 A.2d 355 (App.Div.1977), certif. denied, 75 N.J. 605, 384 A.2d 835 (1978)). A statute of repose "is not really a statute of limitations at all, at least in the traditional understanding of that term." E.A. Williams, Inc. v. Russo Dev. Corp., 82 N.J. 160, 167, 411 A.2d 697 (1980). The statute does not "bar" a remedy "in the sense of providing an injured person a certain time to institute suit after the `accrual' of a `cause of action.'" Ibid. Rather, it "prevents what might otherwise be a cause of action from ever arising. Injury occurring more than ten years after the performance of the negligent act simply forms no basis for recovery."Ibid.
However, the conceptual difference between the two statutes is, in our view, no impediment to the application of the "excluding the day of the event" rule to statutes of repose. Both impose limitation periods. In one instance, the judicial task is to determine the day a cause of action "accrued" for the purpose of triggering a statute of limitations. The other is to determine the day a structure is "substantially complete" in deciding whether the ten-year period under the statute of repose prevents a cause of action from ever arising. No legal or persuasive argument is advanced why the statutes should be treated differently.
Indeed, the policy reasons advanced for excluding the first day from computation of time periods favor application of the rule to both statutes. The policy rejecting "fractions of a day" is as logically relevant to the day a structure is "substantially complete" as the day a plaintiff is injured in an automobile accident.
In addition, because the statute of repose, like the statute of limitations, is in derogation of a fundamental remedy, the right to sue, it should be construed as giving the claimant the benefit of excluding *425 the first day in computation of its ten-year time limitation. This approach does not, as defendants argue, undermine the sound policy of repose, or defendants' expectation of finality. Excluding the day of the event from the ten-year computation time will hardly do violence to a defendant's confidence in repose from liability. On the other hand, application of the rule to both the statute of limitations and statute of repose provides a uniform method of calculation, thereby giving all potential litigants a consistent standard by which the time computation is to be made.[1]
We hold that the date the certificate of occupancy was issued for plaintiff's residence, July 23, 1987, must be excluded from the computation of the ten-year period under N.J.S.A. 2A:14-1.1. Since he filed his cause of action on July 23, 1997, his cause of action was timely. We therefore reverse and remand for further proceedings.
NOTES
[1] As noted, the majority rule is consistent with Rule 1:3-1, applicable to the computation of time periods "fixed by rule or court order," which provides that "the day of the act or event from which the designated period begins to run is not to be included." Rule 1:3-1 is not dispositive since it was not intended to apply to the computation of time under specific statutes. Pressler, Current N.J. Court Rules, comment on R. 1:3-1 (2000). However, an apparent purpose of the rule is to provide a fair, efficient and objective standard of uniformity in the practice, see R. 1:1-2, an objective we deem pertinent here.