BIANCO, J.T.C.
This is the court’s determination with respect to plaintiffs motion for reconsideration of the court’s order of September 28, 2001, dismissing the complaint for lack of jurisdiction due to plaintiffs failure to timely file the complaint.
Plaintiff Heico Corporation (“Heico”) was incorporated in New Jersey in or about June 1985. Carol E. Costello is Heico’s President, John P. Costello is its Vice-President, and James E. Heims is its Secretary. Defendant Director, Division of Taxation (the “Director”) conducted an audit of Heico and determined that Corporation Business Tax for 1993 through 1996, and Sales and Use Tax for 1991 through 1997, were owed to the State. On December 22, 1998, the Director sent a Notice of Assessment to Heico indicating that Heico owed $120,775.73 including penalties and interest. On March 3, 1999, Heico filed a protest of the Notice of Assessment. A conference was held between Heico and the Director on October 17, 2000. The Director’s Final Determination letter, dated April 2, 2001, indicates that Heico owed a revised amount of $46,618.00 plus interest. Duplicate originals of the Final Determination letter were mailed by the Director on April 2, 2001 to Heico, c/o John P. and Carol E. Costello, and to Joseph Cipolla, CPA, of Tax Help Associates, an accountant who *109 assisted Heico in its tax matters with the Director. Both letters were sent by certified mail, return receipt requested. The return receipts indicate that the addressees received and accepted their letters on April 9, 2001 and April 4, 2001, respectively.
The Final Determination letter notified Heico that it had ninety days from the date of the letter (which was the same as the date of mailing) to appeal to the Tax Court of New Jersey. The ninetieth day from the date of the letter was July 1, 2001. Since that date was a Sunday, R. 1:3-1 extended Heico’s filing date to Monday July 2, 2001 [1] to file an appeal. Certified mail receipts indicate that Heico mailed two items to the Tax Court on June 30, 2001.[2] Return receipts indicate that those two items were received at the State of New Jersey Capitol Post Office on two different dates: one on July 2, 2001 and the other on July 3, 2001. Heieo’s complaint, State Tax Information Schedule, and the Proof of Service were contemporaneously stamped received by the Tax Court on July 3, 2001 at 2:39 p.m. (i.e. the ninety-second day from the date the Final Determination letter was mailed). The Proof of Service, however, states that a copy of the complaint was served upon the Director on July 2, 2001. The complaint is dated June 29, 2001, but the Proof of Service is dated July 2, 2001.[3] Heico’s papers are not signed by an attorney but rather by John P. Costello on behalf of the corporation.
*110 By way of an Acknowledgment Notice dated July 13, 2001, the Tax Court advised Heico, among other things, that the filing date was July 3, 2001[4] and that the corporation needed to be represented by a New Jersey attorney pursuant to R. l:21-l(e). By copy of a letter to the Administrator of the Tax Court dated August 10, 2001, Deputy Attorney General Martin L. Wheelright again advised Heico that it needed to be represented by an attorney pursuant to R. 1:21-1© or its complaint may be subject to dismissal. On August 31, 2001, the Director moved to dismiss Heico’s complaint on two grounds: (1) the complaint was filed out of time; and (2) Heico was not represented by an attorney in accordance with R. 1:21 — 1(c).
The motion was returnable on September 28, 2001. No opposition papers were received from Heico. On September 26, 2001, the court received a letter via facsimile from Heico’s accountant Joseph D. Cipolla requesting an adjournment. On the motion return date, the court scheduled a telephone conference on the record between Mindy H. Gensler, D.A.G. for the Director and John P. Costello, Vice-President of Heico to first consider the adjournment request, and then, if no adjournment was granted, to consider the motion. At the hearing, Mr. Costello requested more time to hire an attorney. The court denied the adjournment based on a finding that Heico had been advised on three occasions that it needed to be represented by an attorney (July 13, August 10, and August 31, 2001) and failed to secure one.[5] The court then treated the motion as uncontested and proceeded to make a determination on the merits. For substantially the reasons set forth in the Director’s brief, the court dismissed the complaint finding that it was filed out. of time, and, therefore, the Tax Court *111 lacked jurisdiction to hear the matter. The court then determined that the issue of Heico’s failure to be represented by an attorney was moot noting that Heico could have cured the defect for failure to hire counsel, but could not cure the defect with regard to the jurisdictional requirements.
On October 9, 2001, Heico, acting through its attorneys, moved for reconsideration, requesting an order for rehearing and vacating the court’s September 28, 2001 Order dismissing the complaint. Oral argument was heard on November 15, 2001.
I.
Heico has asked this court to reconsider its decision to dismiss the complaint for lack of jurisdiction due to untimely filing. The court finds that reconsideration is warranted.
 “The standards for reconsideration are substantially harder to meet than are those for reversal of a judgment on appeal.” Dantzler v. Director, Div. of Taxation, 18 N.J.Tax, 507, 508 (Tax 1999). R. 8:10 provides for “NEW TRIALS; AMENDMENT OF FINDINGS OR JUDGMENTS.” This rule provides for the application of R. 1:7-4, R. 4:49-1 and R. 4:49-2 to matters decided by the Tax Court. R. 4:49-2 permits the court to reconsider its decisions on matters that have been submitted for resolution by the court. The courts have held that, “[rjeconsideration is a matter within the sound discretion of the Court, to be exercised in the interest of justice.” Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) (citing D’Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990)). Moreover,
[Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence....
[Cummings, supra at 384, 685 A.2d 60 (citations omitted).]
In this case, Heico appeared pro se on the return date of the Director’s motion to dismiss the complaint. Since Heico is a corporation, the court determined that its appearance pro se was *112 contrary to R. 1:21 — 1(c)[6] that requires corporations to appeal' only through an attorney. The motion was, therefore, treated as uneontested. The court made the finding that the complaint was untimely filed and accordingly dismissed the complaint for lack of ' jurisdiction.
Heico has returned with legal counsel on a motion for reconsideration, and has now set forth the legal arguments it did not make on the original return date of the Director’s motion to dismiss. The court did not have the benefit of Heieo’s legal arguments to consider at the initial hearing. Accordingly, the court finds that it is in the interest of justice to review the facts and reasoning that led to its decision to dismiss the complaint. Heico’s motion is based on three arguments: (1) the complaint was timely filed on July 3, 2001 since the Director’s April 2, 2001 Final Determination letter was mailed to Heico, thereby allowing three additional days to appeal pursuant to R. 8:4-2(b) and R. 1:3-3; (2) R. l:3-4(a) expressly permits the court to enlarge the time to appeal since R. l:3-4(c) does not specifically prohibit the enlargement of time set forth at R. 8:4-1; and (3) since Heico has retained attorneys, any objection based upon the corporation’s prior pro se representation is moot.
II.
The determination of this matter under the stated facts may first appear rather simple. The Final Determination letter of the Director (dated April 2, 2001) was mailed to Heico by certified mail on April 2, 2001. Heico had ninety days from April 2, 2001 (or to July 2, 2001) to appeal to the Tax Court. N.J.S.A. 54:49-18(a) and N.J.S.A. 54:51A-14(a). The Tax Court acknowledged receipt of Heico’s complaint on July 3, 2001. Heico argues that since the Director’s letter was mailed, R. 8:4-2(b) extends the time period within which a complaint may be filed an additional *113 three days pursuant to R. 1:3-3. According to Heico’s argument, R. 1:3-3 extended the filing deadline to July 5, 2001, and, therefore, the complaint was timely filed on July 3, 2001. Heico’s argument is flawed.
R. 1:3-3 as revised, effective September 1,1996, provides:
When service of a notice or paper is made by ordinm-y mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period. (Emphasis added.)
“The rule was amended [in 1996] to make clear that the extra three days is allowed only when service by mail is made by ordinary mail." Pressler, Current N.J. Court Rules, comment on R. 1:3-3 (2002) (emphasis added). Since the Director’s letter in this case was sent by certified mail and not ordinary mail, it is clear that R. 1:3-3 does not apply.
Alternatively, Heico argues that the court has the authority to enlarge the time within which to file the complaint pursuant to R. l:3-4(a). Once again Heico’s argument is flawed. R. l:3-4(a) provides:
Unless otherwise expressly provided by rule, a period of time thereby fixed for the doing of an act may be enlarged before or after its expiration by court order on notice or (unless a court has otherwise ordered) by consent of the parties in writing.
“While not stated by this rule in express terms, the statutory time periods applicable to invocation of the Tax Court review jurisdiction should be generally regarded as not relaxable.” Pressler, supra, comment 3 on R. 1:3-4 (2002). The court has no power by virtue of the court rules to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor. Prospect Hills Apts. v. Flemington, 172 N.J.Super. 245, 247, 1 N.J.Tax 224, 411 A.2d 737 (Tax 1979). See also F.M.C. Stores Co. v. Morris Plains, 195 N.J.Super. 373, 382, 479 A.2d 435 (App.Div.1984), aff'd 100 N.J. 418, 495 A.2d 1313 (1985); and Gifford v. Director, Div. of Taxation, 15 N.J.Tax 51, 57 (Tax 1995).
If Heico has any potentially viable argument at all that its complaint was timely filed, then that argument should be based in R. 8:4-2(a) and R. l:5-4(b). The first rule calculates the ninety *114 day jurisdictional period from the date of service. R. 8:4-2(a). The later rule provides in part that, “[i]f no ordinary mailing is made, service shall be deemed complete upon the date of acceptance of the certified or registered mail.” R. l:5-4(b). The facts in this case indicate that the Director mailed two duplicate originals of the Final Determination letter by certified mail to Heico and its accountant. One was received and accepted on April 4, 2001 and the other on April 9, 2001. If the ninety day jurisdictional period is calculated from either of these dates (i.e., the dates of service), then Heico’s complaint filed on July 3, 2001 would have been timely. Heico, however, never made this argument to the court.
The greater and more difficult issue here is not which rule applies, but rather whether any of the rules Heico cites, as well as the rules the court observed should have been cited, apply at all to the calculation of the ninety day jurisdictional period to appeal final determinations- of the Director. This court concludes that they do not. In reaching this conclusion, the court reviewed the historical evolution of the legislation, rules, and ease law.
a. Original Legislation and Court Rules in 1979
Since the establishment of the Tax Court[7], the Legislature has provided a ninety day jurisdictional period in which a taxpayer may appeal any action of the Director. The original legislation set forth at N.J.S.A. 2A:3A-4.1 (Repealed by L.1993, c. 74 § 3) provided in pertinent part:
Any provision of law to the contrary notwithstanding:
a. Review of actions including any act, action, proceeding, ruling, decision, order or judgment of the county board of taxation or the Director of the Division of Taxation ... shall be by filing a complaint in the Tax Court pursuant to the rules of court.
b. The time periods within which a complaint may be filed in the Tax Court are as follows: (2) From actions of Director, Division of Taxation, within 90 days of the action so reviewed, pursuant to mies of couU; ____ (Emphasis added.)
*115 Pursuant to N.J.S.A. 2A:3A-4.1(b)(2), the ninety day jurisdictional period for appeals from actions[8] of the Director was procedurally tied to the rules of court. Part VIII, Rules Governing Practice In The Tax Court of New Jersey, was adopted by the Supreme Court in 1979 [9] in conjunction with the establishment of the Tax Court. The pertinent Tax Court rules concerning appeals from actions of the Director are R. 8:4-l(b) and R. 8:4-2(a) and (b). R. 8:4-l(b) provides (unchanged since 1979):
Complaints seeking to review actions of the Director of the Division of Taxation, any other state agency or officer (including the Director of the Division of Motor Vehicles) with respect to a tax matter, or a county recording officer with respect to the realty transfer tax shall be filed within 90 days after the date of the action to be reviewed. (Emphasis added.)
R. 8:4-2(a) provides (unchanged since 1979):
General. The time period shall be calculated from the date of the service of the decision or notice of the action taken. (Emphasis added.)
R. 8:4-2(b) provides (unchanged since 1979):
Where Notice of Action Is Mailed. If notice of an action is mailed the time period within which a complaint for review may be filed shall be extended pursuant to R. 1:3-3. (Emphasis added.)
R. 1:3-3 was adopted as a part of the overall revision of the Court Rules in 1969. When the Tax Court was established and Part VIII of the Court Rules was adopted in 1979, R. 1:3-3 read as follows (1969 version):
When seivice of a notice or paper is made by mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period. (Emphasis added.)
The original version of R. 1:3-3 made no distinction between ordinary mail and certified mail.
Under the original mechanism established by the Legislature, the ninety day time period in which to appeal any action of the *116 Director was calculated (pursuant to rules of court as per N.J.S.A. 2A:3A-4.1(b)(2)) from the date of service of the decision or notice of the Director (as clearly stated in R. 8:4 — 2(a)). When service of that decision or notice was by mail, R. 8:4 — 2(b) provided for three days to be added pursuant to R. 1:3-3, before the ninety day period commenced. R. 1:3-3 was a rule intended to account for the lapse of time between mailing and receipt. See Pressler, supra, comment on R. 1:3-3 (2002).
This original statutory mechanism that merged the jurisdictional time period for appeals from actions of the Director with the procedural rules of court, was confirmed by the Tax Court in Pennoyer v. Taxation Div. Director, 5 N.J.Tax 386 (Tax 1983).[10] In that case, the court held:
When the Legislature provided a 90 day time period “pursuant to rules of court” it granted to the court the authority to prescribe the procedure for the calculation of the time period. R. 8:4-l(b) repeats the 90 day statutory time period and R. 8:4-2(b) refers to R. 1:3-3, a time calculation rule applicable when notice of action of the Director is mailed. R. 1:3-3 does not extend the filing deadline but defines the 90 day statutory period as is permitted by the statute “pursuant to rules of court.”
[Id. at 389]
The Pennoyer court found that, “R. 8:4-2(b) and R. 1:3-3 were validly adopted by the Supreme Court, consistent with the statutory authorization and constitutional exercise of the court’s rule-making authority.” Id. at 390. Furthermore, the. Pennoyer court was careful to distinguish that, “R. 1:3-3 does not extend the filing deadline but instead prescribes the manner in which the 90 day statutory period is to be calculated.” Id. at 389.
Jurisdiction and procedure in the Tax Court continued to evolve after 1979, as statutes and rules were adopted, amended, or repealed. This evolution lead to changes in the mechanism to calculate the ninety day appeal period from actions of the Director. The jurisdictional and procedural aspects of that ninety *117 day period that were merged under the original statutory mechanism eventually separated.
b. Legislative changes in 1983
The court’s review of the sequence of legislative changes after 1979 begins with the 1983 amendments to the State Uniform Tax Procedure Law[11] (N.J.S.A. 54:48-1 et seq., hereinafter the “SUTPL”), initially adopted as the State Tax Uniform Procedure Law pursuant to L.1936, c. 263. While there have been many amendments to the SUTPL since 1936, the addition of chapter 51A in 1983, and the amendments to chapters 48 and 49 in 1992 (effective 1993), are relevant to the issues in this case.
N.J.S.A. 54:51A-14(a) of the SUTPL was adopted as part of L.1983, c. 45[12] as a new section. It provides:
Except as otherwise provided in this section, all complaints shall be filed within 90 days after the date of the action sought to be reviewed.
Another new section to the SUTPL adopted as part of L.1983, c. 45 was N.J.S.A. 54:51A-18.[13] That statute provides:
Except as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the tax court shall be as prescribed by mies of court. (Emphasis added.)
Both of these statutes have remained unchanged since their adoption in 1983.
In reviewing the underlying legislative intent behind the adoption of N.J.S.A. 54:51A-1, et seq., the Tax Court held that, “N.J.S.A. 54:51A-1 et seq. was intended to be a technical amendments law which would fill gaps left by the rules concerning Tax Court practice and procedure, rather than a substantive law designed to enlarge the jurisdiction of the Tax Court.” James Constr. Co. v. Director, Div. of Taxation, 18 N.J.Tax 224, 233 (Tax *118 1999) (incorporating the “thorough analysis” from a 1991 unreported bench opinion of Judge Andrew; Id. at 228-29). The Tax Court’s conclusion was based in large part on the committee statement to L.1983, c. 45. The statement clearly provides that the new Chapter 51A of the SUTPL, “revises parts of the statutory law concerning practice and procedure in the Tax Court not otherwise covered by court rules." Assembly Judiciary, Law, Public Safety and Defense Committee Statement to A. 544 (June 17, 1982) (emphasis added).[14] The Tax Court found that, “the reference to practice and procedure does not seem to evidence an intent to expand Tax Court jurisdiction____” Id. at 232 (emphasis added). Since the court rules already contained the procedure to calculate the ninety day jurisdictional period [i.e., R. 8:4-2(a) and (b)], it is cleai’ that N.J.S.A. 54:51A-14(a) and -18 were not intended by the Legislature to apply to jurisdiction.
Accordingly, under the Tax Court’s analysis, these two new statutes would have had no impact on the calculation of the ninety day period when adopted, since they were not intended to modify or repeal the calculation mechanism already in place. If anything, N.J.S.A. 54:51A-14(a) and -18 complemented existing court rules and statutes. For example, the words “shall be filed within 90 days after the date of the action sought to be reviewed” (emphasis added) contained in N.J.S.A 54:51A-14(a), are nearly identical (but for the word sought) to the language of R. 8:4 — 1(b), i.e. “shall be filed within 90 days after the date of the action to be reviewed.” Furthermore, N.J.S.A. 54:51A-18 contains the same reference to the rules of court as did the pre-existing N.J.S.A. 2A:3A-4.1.
The Appellate Division in 1991, however, held that the reference to the rules of court in N.J.S.A. 54:51A-18 “constitutes express legislative recognition of the judiciary’s responsibility to prescribe the procedure for the calculation of the limitations period.” Holmdel Tp. v. Director, Div. of Taxation, 12 N.J.Tax 112, 116 *119 (App.Div.1991), aff'd. 130 N.J. 522, 617 A.2d 656 (1992).[15] At first glance the Tax Court’s 1991 analysis of Chapter 51A of the SUTPL, adopted in James Constr. Co. (in 1999), may appear to be in conflict with the Appellate Division’s interpretation of N.J.S.A. 54:51A-18 in Holmdel Tp. This court finds to the contrary; the Holmdel Tp. court merely recognized that the new statute was consistent with the then existing legislative mechanism for appeals from determinations by the Director.
It is important to remember that in 1991, N.J.S.A 2A:3A-4.1 was still valid law (not repealed until 1993), and its original statutory mechanism for calculating the jurisdictional period to appeal from actions of the Director, pursuant to rules of court had been in place for more than a decade. The Tax Court observed in 1991 that, “In enacting N.J.S.A. 54:51A-1 et seq., the Legislature did provide an express repealer section in N.J.S.A. 54:51A-21.” James Constr. Co., supra, at 233. [No portion of N.J.S.A. 2A:3A-1 et seq.] was repealed or expanded by that section. “It is a general rule of statutory construction that ... the Legislature presumably had in mind the previous statutes concerning the same subject matter. [N.J.S.A. 54:51A-14(a) and -18 appear to cover the same subject area as N.J.S.A. 2A:3A-4.11____ In the absence of an express repeal [which was the case in Holmdel Tp.], the new provision is presumed to be in accord with the legislative policy embodied in prior statutes. Accordingly, they should be construed together and even in apparent conflict [as was alleged in Holmdel Tp.], construed in harmony if reasonably possible.” Id at 232. It seems to this court that the Holmdel Tp. court did just that.
The Director in Holmdel Tp. wanted the court to rule on whether N.J.S.A. 2A:3A-4.1(b)(2) was “impliedly repealed” by the enactment of N.J.S.A. 54:51A-14 Holmdel Tp., supra, 12 N.J.Tax at 116. The court, however, did not find the need to make such a *120 ruling. Ibid. Instead, this court finds that the Appellate Division simply applied the general rule of statutory construction. The Appellate Division recognized that N.J.S.A. 54:51A-14 and -18 were adopted simultaneously and interpreted their intent and meaning in light of the pre-existing N.J.S.A. 2A:3A-4.1(b)(2). Taking all the statutes into consideration the court concluded that the reference to the rules of court in N.J.S.A 54:51A-18, as with the same reference in N.J.S.A. 2A:3A-4.1(b)(2), “provides express authorization for calculating the limitation period in accordance with the rales.” Holmdel Tp., supra, 12 N.J. Tax at 117.
Later in this opinion, the court will examine the significant changes in the laws affecting jurisdiction in appeals from determinations by the Director, that occurred within two years of the Holmdel Tp. decision, and how relevant that opinion is today in view of those changes.
But first, continuing with this court’s historical review of legislative changes, the 1983 amendments to the Corporation Business Tax Act (N.J.S.A. 54:10A-1 to -40) and the Sales and Use Tax Act (N.J.S.A. 54:32B-1 to -43),[16] made the SUTPL specifically applicable to appeals from actions of the Director under each act. Heico’s appeal from the Director’s assessment under both the Corporation Business Tax Act and the Sales and Use Tax Act is at the center of the dispute in the current matter. N.J.S.A. 54:10A-19.2(a) of the Corpoi’ation Business Tax Act provides:
Any aggrieved taxpayer may, within 90 days after any action of the director made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 5448-1 et seq. (Emphasis added.)
Similarly, N.J.S.A. 54:32B-21(a) of the Sales and Use Tax Act provides:
Any aggrieved taxpayer may, within 90 days after decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this *121 act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. hk'JS-l et seq. (Emphasis added.)
Both cited sections of the Corporation Business Tax Act and the Sales and Use Tax Act have remained unchanged since their last amendment in 1983.[17]
c. Legislative changes adopted or effective in 1993
The Taxpayer Bill of Rights (L.1992, c. 175, the relevant parts of which were effective July 1, 1993) amended the SUTPL in ways that significantly effected the calculation of the ninety day period to appeal determinations by the Director under both the Corporation Business Tax Act and the Sales and Use Tax Act. The amendments made clear just how the ninety day period is calculated without reference to the rules of court. N.J.S.A. 54:48 — 7(f) of the SUTPL was amended by L.1992, c. 175, § 42 and provides, in pertinent, part that:
Sections 14 ... of this act [i.e. § 54:49-18] shall apply to protests of the director’s actions made, or complaints filed, on and after [July 1,1993]....
N.J.S.A. 54:49-18(a)[18] of the SUTPL, as referenced in the previous statute, was amended by L.1992, c. 175, § 14 to be effective July 1, 1993. The relevant part of that amended statute reads as follows:
If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefore, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying or vacating any such finding or assessment. The filing of a protest shall stay the right of the director to collect the tax in any manner if the taxpayer shall furnish security of the kind and in the amount determined pursuant to subsection b. of this section until 90 days after final determination by the director. The time for appeal to the *122 Tax Court pursuant to subsection a, of R.S. 5b:51A-lb, enacted pursuant to section 1 of P.L.1983, c. b5, shall commence from the date of the final determination by the director.

[N.J.S.A. 5b:b9-18(a) (emphasis added).]

The Senate Budget and Appropriations Committee Statement to Assembly Bill Nos. 385 and 1474(ACS), establishing a “Taxpayer Bill of Rights,” amending and supplementing R.S. 48-1 et seq. (the SUTPL), provides in pertinent part:
IV. All taxpayers have a right to be protected from unreasonable deadlines. The substitute increases the time allowed for filing a protest from 30 to 90 days, and extends the period allowed for filing an appeal [to the Tax Court] by the time it takes the director to respond to the protest. The substitute allows a taxpayer who wishes to appeal sufficient time to make a considered response. (Emphasis added.)
Jurisdictional “deadlines” established by the Legislature are clearly reasonable. See Prospect Hills Apts., supra., 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737. This court finds the last sentence of the committee statement most compelling. The Taxpayer Bill of Rights gives taxpayers “sufficient time” to appeal determinations by the Director by (1) tripling the protest period to the Director from thirty to ninety days, (2) extending the period allowed for filing an appeal by the time it takes the Director to respond to the protest, and (3) maintaining the ninety day appeal period to the Tax Court now calculated from the date of the final determination by the Director.[19]
The Taxpayer Bill of Rights gave new meaning and effect to N.J.S.A. 54:51A-14(a) that it did not have when originally adopted in 1983, or when it was examined by the Holmdel Tp. court in 1991. Now N.J.S.A. 54:51A-14(a) was explicitly tied to the calculation of the ninety day jurisdictional period; and that calculation was no longer measured from service as provided by R. 8:4-2(a), but rather from “the date of the final determination by the director.” N.J.S.A. 54:49-18(a) (emphasis added).
*123 The Taxpayer Bill of Rights did not directly amend N.J.S.A. 54:51A-18. However indirectly, since N.J.S.A. 54:51A-18 has limited applicability by its own terms (i.e. “[e]xcept as otherwise provided by law”), the new method of calculating the ninety day period within the SUTPL (set forth at the amended N.J.S.A. 54:49-18(a)), supersedes N.J.S.A. 54:51A-18, with its continued reference to the rules of court, in calculating the jurisdictional period to appeal from determinations by the Director.
Cases filed before the July 1,1993 effective date of the amended N.J.S.A 54:49-18(a), including Holmdel Tp., have applied the rules of court to the calculation of the ninety day appeal period. See Pennoyer, supra., 5 N.J. Tax 386; also Potter v. Taxation Div. Director, 5 N.J.Tax 399 (Tax 1983) specifically with regard to R. 1:3-3 and R. 8:4-2(b).
This court could find no published decisions after the July 1, 1993 effective date of the amended N.J.S.A. 54:49-18(a), that address whether or not the rules of court still apply to the calculation of the ninety day period to appeal a final determination by the Director. One Tax Court case that invites deliberation of the issue is Harris Corp. v. Director, Div. of Tax., 15 N.J.Tax 119 (Tax 1995). The complaint in Harris Corp. was filed before July 1, 1993, but the case was decided afterward. In denying the Director’s motion to dismiss the complaint for untimely filing under the pre July 1, 1993 applicable statutes and rules, Judge Hamill[20] concluded:
Plaintiff argues, and I agree, that under the statute then in force and the pertinent court rules, the 90-day period did not commence to run on the date of the Director’s letter but rather on the date the letter was mailed.
Ud. at 121-122.]
[T]he Director has not established the date on which the letter was mailed.. .
[Id. at 126.]
The Judge noted, however:
I malte no ruling on the point, but the result in this case might be different under the Taxpayer Bill of Rights. Section 14 of that statute, L.1992, c. 175, amended *124 N.J.S.A. 54:49-18a to specify that, ‘[t]he time for appeal to the Tax Court pursuant to subsection a. of R.S. 54:51A-14 ... shall commence from the date of the final determination by the direetoi-.’ The amended statute does not apply in this case because § 14 of the Taxpayer Bill of Rights became effective for complaints filed on or after July 1, 1993, and the complaint in this case was filed on April 27, 1993.
[Id. at 126, n. 2 (emphasis added,).]
Implicit in Judge Hamill’s speculation as to a possible different outcome under the Taxpayer Bill of Rights is that the rules of court may no longer be relevant to the calculation of the ninety day appeal period. This is because her conclusion that the ninety day period commenced from the date the Director’s letter was mailed, was based on both, “the statute then in force and the pertinent court rules.” Id. at 121-122 (emphasis added). However, the speculation as to a different result under the amended N.J.S.A. 54:49-18(a) is based solely on the new statutory language and not on the mies of court. Id. at 126, n. 2.
Another piece of legislation that significantly affected the applicability of the mies of court to the calculation of the ninety day appeal period, is the specific repeal of N.J.S.A. 2A-3A-4.1 by L. 1993, c. 74, effective March 12, 1993,[21] several months before the relevant portions of the Taxpayers Bill of Rights became effective. The Tax Court has held, “statutory time prescriptions for the filing of an appeal constitute a non-relaxable subject matter, jurisdictional requirement.” Gifford, supra., 15 N.J. Tax at 57 (emphasis added). Where N.J.S.A. 2A:3A-4.1(b)(2) specifically merged the jurisdictional ninety day appeal period with the procedural mies of court, its replacement N.J.S.A. 2B:13-1 to -15, eliminates any reference to the mies of couH with respect to statutory time periods. Now the SUTPL as amended by the Taxpayer Bill of Rights (N.J.S.A 54:49-18(a) and N.J.S.A 54:51A-14(a)) establishes the ninety day jurisdictional time period to *125 appeal determinations by the Director, without reference to the rules of court.
The court notes that a section of the new law set forth at N.J.S.A. 2B:13-3(c), re-establishes that practice and procedure in the Tax Court shall be governed by the rules of court, but makes no reference to jurisdictional time periods. That statute provides:
Practice and procedure in the Tax Court shall be as provided by the Rules of the Supreme Court.

[N.J.S.A. 3B:13-3(c) (emphasis added).}

N.J.S.A. 2B:13-39(c) is consistent with the earlier N.J.S.A. 54:51A-18, in its reference the rules of court as governing practice and procedure in the Tax Court. Since statutory time periods constitute “a non-relaxable subject matter, jurisdictional requirement,” Gifford, supra., 15 N.J. Tax at 57, the reasoning incorporated by James Ccmstr. Go., with regard to the legislative intent of Chapter 51A, is equally sound when applied to N.J.S.A. 2B:13-3(c):
[Tjhe reference to practice and procedure does not seem to evidence an intent to expand Tax Court jurisdiction---- James Constr. Co., supra, 18 N.J.Tax at 232 (emphasis added).
This court finds that how a complaint is filed in the Tax Court is a matter of practice and procedure, but %vhen a complaint may be filed is a matter of jurisdiction.
When the Holmdel Tp. court concluded in 1991 that, “N.J.S.A. 54:51A-18 provides express authorization for calculating the limitation period in accordance with court rules”, Holmdel Tp., supra, 12 N.J. Tax at 117 (emphasis added), it did so at a time when the rules of court were still part of the statutory mechanism for determining jurisdiction in appeals from determinations by the Director. This court finds that since the amendment of N.J.S.A. 54:49-18(a) and the specific repeal of N.J.S.A. 2A:3A-4.1 in 1993, the method of calculating the ninety day jurisdictional period in appeals from determinations by the Director is now established directly by statute and not by procedures pursuant to the rules of court. The basis for the 1991 Holmdel Tp. decision has been significantly changed by the 1993 statutory changes.
*126 III.
Accordingly, this court finds that R. 1:3-8, R. l:5-4(b), as well as R. 8:4-2(a) and (b) are no longer applicable to the calculation of the ninety day jurisdictional period in appeals from determinations by the Director. The court has set forth above how the legislature, since 1979, has changed the way the calculation is determined. Now statute, and not the rules of court, prescribes the calculation of the ninety day period commencing from the “date of the final determination by the director.” N.J.S.A. 54:49-18(a). Despite the changes in the law, the relevant rules of court continue to calculate the ninety day period from the date of service, whether by mail or otherwise. The court recognizes that in some instances the date of service and the date of the final determination by the director may in fact be the same, but it is the later that is now controlling.
The court notes, however, that R. 1:3-3 and R. 1:5 — 4(b) were never solely applicable to appeals from determinations by the Director, unlike R. 8:4-2(a) and (b). The continued applicability of these rules in some other context needs to be examined. Whether they need to be revised or repealed in light of the court’s determination here is a matter for the Supreme Court.
The court emphasizes that its decision in this matter is limited to the specific rules addressed and should not be interpreted to mean that all related court rules are now inconsistent with statute. For example, R. 8:4-l(b), unchanged since its adoption in 1979, is totally consistent with N.J.S.A. 54:51A-14(a), adopted in 1983 and further defined in 1993 by N.J.S.A. 54:49-18(a). As discussed above, other than the addition of the word “sought ” in the statute, the language contained in both N.J.S.A. 54:51A-14(a) and R. 8:4-1(b) is virtually identical. The 1993 amendment to N.J.S.A. 54:49-18(a) clarified that “90 days after the date of the action sought to be reviewed” as contained in N.J.S.A. 54:51A-14(a) means “90 days from the date of the final determination by the director.” It is reasonable to conclude that the virtually identical language of R. 8:4-l(b) means the same thing, and that the rule, just like N.J.S.A. 54:51A-14(a), has been further defined.
*127 Likewise, the general applicability of R. 1:3-1 is unchanged by the court’s decision in this matter. R. 1:3-1 provides:
In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday. In computing a period of time of less than 7 days, Saturday, Sunday and legal holidays shall be excluded.
“Since this rule relates only to the computation of time periods fixed by court rule, it does not conflict with statutory provisions relating to computation of time periods.” Pressler, supra., comment on R. 1:3-1 (2002). It has long been established that, “in computing a period of time from an event, the day of the occurrence should not be included....” McCulloch v. Hopper, 47 N.J.L. 189, 190 (Sup.Ct.1885); Hein v. Constr. Co., 330 N.J.Super. 282, 285, 749 A.2d 422 (App.Div.2000). Furthermore, “[I]t is well settled in this State that where, by statute, an act is due arithmetically on a day which turns out to be a Sunday or legal holiday [also Saturday pursuant to N.J.S.A. 36:1-1.1], it may be lawfully performed on the following day, and if that day be also a dies non on which the public offices are closed to the transaction of business, according to the ‘holiday acts’ [N.J.S.A. 36:1-1 and -1.1], a similar rule applies.” Poetz v. Mix, 7 N.J. 436, 445-446, 81 A.2d 741 (1951) (citations omitted,).
In order to calculate the ninety day jurisdictional period under the current statutory mechanism, the date of the final determination by the director must be established from the facts. N.J.S.A. 54:32B-27(a) of the Sales and Use Tax Act provides in pertinent part that:
Any period of tíme which is determined according to the provisions of this act by giving of notice shall commence to run from the date of mailing of such notice.
As discussed earlier, the Tax Court in Harris Corp. determined that under the Corporation Business Tax Act, “the 90-day period did not commence to run on the date of the Director’s letter but rather on the date the letter was mailed.” Harris Corp., supra., 15 N.J. Tax at 121-122. Although Judge Hamill in that case speculated as to whether her decision on this point would be the same under the Taxpayer Bill of Rights, the Tax Court has since *128 supported her conclusion. Lenox Inc. v. Dir., Div. of Taxation, 19 N.J.Tax 437, 450 (Tax 2001). This court finds that her conclusion is supported by the amended legislation now controlling whether or nor not the rules of couH still apply. Under both acts, the date of the final determination by the Director is the date the notice to the taxpayer was mailed.
Since 1993, the date of mailing of the Director’s notice, regardless of how it was mailed, is the commencement point from which to calculate the jurisdictional period. N.J.S.A. 54:49-18(a) and N.J.S.A 54:51A-14(a). The Director has the burden to establish that date to the court’s satisfaction. Harris Corp., supra., 15 N.J. Tax at 121.
In the present case the date of mailing has been established to be April 2, 2001. This also happens to be the date of the Final Determination letter. Accordingly, Heico had ninety days from April 2, 2001 to file its complaint. Since the ninetieth day was a Sunday, Heico had until July 2, 2001 to file its complaint pursuant to R. 1:3-1. Heico’s complaint however was not filed until July 3, 2001. Accordingly, this court lacks jurisdiction to hear the complaint. See F.M.C. Stores Co., supra., 195 N.J.Super. 373, 479 A.2d 435, aff'd 100 N.J. 418, 495 A.2d 1313 (1985), holding that deadlines prescribed by statute must be strictly adhered to. See also Prospect Hills Apts., supra., 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737, holding that the court lacked jurisdiction to hear a complaint received by the court clerk one day late. See also Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38 (Tax 1982).
Since the court has determined that it is without jurisdiction in this matter, the issue of Heico’s initial appearance pro se contrary to R. l:21-l(c), and subsequent hiring of legal counsel is moot and need not be addressed.
Having now had the benefit of Heico’s legal arguments in opposition to dismissal of the complaint, the court is satisfied that all probative and competent evidence and facts have been fully considered. On reconsideration, the court finds that its initial *129 decision to dismiss the complaint was based on a careful and thorough evaluation of the relevant statutes and rules.
Accordingly, for the reasons set forth above, the court’s Order of September 28, 2001 dismissing the complaint for lack of jurisdiction shall stand. Heico’s motion to vacate that Order is denied.

July 2, 2001 would have still been the filing deadline even if the Final Determination letter had been mailed on April 3, 2001 as Heico suggested was possible. Heico’s suggestion was based upon a mailing log maintained by the Director that listed all letters mailed on April 2, 2001, but was for some unexplained reason stamped "received" April 3, 2001. Although of no significant distinction here, the court was satisfied that the Final Determination letter was mailed on April 2, 2001 not April 3, 2001.

 Heico never represented in any papers it submitted in connection with this matter or in oral argument, whether either or both of the items mailed to the Tax Court on June 30, 2001 contained the complaint appealing the Director’s final determination.

 This means that the Proof of Service was postdated if it was mailed on June 30, 2001 as Heico contends.

 "Under R. 8:3-1, a complaint must be filed with the 'Clerk of the Tax Court,’ now known as the Tax Court Management Office [not the Capitol Post Office], Filing occurs upon receipt of the complaint." Lunin v. Dir., Div. of Tax., 19 N.J.Tax 277, 281 (Tax 2001) [citations omitted],

 In a subsequent certification Mr. Costello indicated that an attorney was retained on September 28, 2000, but the court notes that there was no attorney of record during the hearing on September 28, 2001.

 R. 1:21-1 (c) provides that: Except as otherwise provided by [certain enumerated rules listed herein] ... a business entity other than a sole proprietor shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State.

 L. 1979 c. 114, approved June 28, 1979, effective July 1, 1979.

 The terms decisions, actions, and determinations by the Director are interchangeable. Harris Corp. v. Director, Div. of Tax., 15 N.J.Tax 119, 125 (Tax 1995).

 Adopted June 20, 1979 to be effective July 1, 1979. Article VI, Section II, paragraph 3 of the New Jersey Constitution of 1947 charges the Supreme Court with the responsibility for making rules governing the practice and procedure in and the administration of all of the courts in the State.

 The court in Pennoyer did not specifically state that the ninety day statutory period is calculated from service of the Director’s notice. Perhaps no specific recognition was called for in view of the clear reference to service as the event that commences the ninety day period in both R. 8:4-2(a) and R. 1:3-3.

.N.J.SA. 54:48-1. Short title, amended by L. 1999, c. 208, § 12, eff. Sept. 17, 1999.

L.1983, c. 45, § 54:51A-14, eff. Jan. 28, 1983.

L.1983, c 45, § 54:51A-18, eff. Jan. 28, 1983.

 The identical language is contained in the Senate Revenue, Finance and Appropriations Committee Statement to A. 544.

 Although Holmdel Tp. was affirmed by the Supreme Court, the interpretation of NJS.A. 54:51A-18 with its reference to the rules of court was not at issue. That affirmance, it is noted, was prior to the legislative changes effective or adopted in 1993.

 Neither the Corporation Business Tax Act (NJ.S.A. 54:10A-1 et seq.) nor the Sales and Use Tax Act (NJ.S.A 54:32B-1 et seq.) have been amended to reflect the new short title of the SUTPL.

 L. 1983, c. 36, § 23, eff. Jan. 26, 1983 (Corporation Business Tax Act); ¿.1983, c. 36, § 36, eff. Jan. 26, 1983 (Sales and Use Tax Act). Both acts have been amended since 1983 but not the cited sections thereof.

 L 1992, c. 175, § 14 (N.J.S.A. 54:49-18), designated existing text of the section as subsection a.; generally revised such subsection, including increasing the period for filing protest to ninety days, from thirty.

 The court notes that Heico’s appeal period spanned more than 2 14 years, from the Directors Notice of Assessment of December 22, 1998, to Heico's timely protest of March 3, 1999, to the Director's Final Determination letter of April 2, 2001, finally to the expiration of the ninety day appeal period on July 2, 2001.

 The late Judge Hamill, as a D.A.G. argued the Director’s case before the Appellate Division in Holmdel Tp.

 The legislation was entitled, “Senate No. 629, AN ACT supplementing Title 2B of the New Jersey Statutes by enactment of an additional chapter 13, Tax Court, supplementing Title 22A of the New Jersey Statutes and repealing various section of Title 2A of the New Jersey Statutes,” (emphasis added). A comment following the legislation provides that the new law, "Revises laws relating to the Tax Court.” L. 1993, c. 74.