KAHN, J.T.C.
Defendant (Director) moves for summary judgment to dismiss plaintiffs’ complaint. Plaintiffs cross-move to dismiss the Director’s answer, pursuant to R. 8:6-3 and R. 4:23-5, essentially for failure to provide discovery. Since the Director’s motion seeks to dismiss plaintiffs’ complaint for lack of jurisdiction, and since this court, for the reasons hereinafter set forth, grants the Director’s motion, thereby dismissing plaintiffs’ complaint, plaintiffs’ cross-motion is moot.
*102 The Director issued a Notice of Assessment Related to Final Audit Determination, dated June 19, 2000, to plaintiff Portuguese Spanish Palace (PSP). That notice was the result of an audit for various taxes, totaling over $360,000.[1]
The Director issued a Notice and Demand for Payment of said tax to PSP, dated November 28, 2000. On the same date, a Notice of Finding of Responsible Person Status was issued to the individual plaintiffs, finding them personally liable for substantial amounts of the taxes.[2]
A letter dated February 12, 2001, from F & M Associates (plaintiffs’ accountant), was sent to the Chief, Conference and Appeals Branch of the New Jersey Division of Taxation. The essence of this letter is a disagreement with the calculation of the Director’s auditors and a request for a hearing with respect to “your notice dated November 28, 2000.” The letter refers only to “taxpayer” and makes no reference to the individual plaintiffs.
The Director sent, via certified mail, dated February 22, 2001, a letter denying the request for a hearing. Documentation submitted to this court indicates that a Mr. Durante, who authored the February 12, 2001 request for a hearing, acknowledged receipt of the Director’s February 22, 2001 denial on the same day the letter was sent (February 22, 2001). That denial indicated that plaintiffs had ninety days from February 22, 2001 within which time to appeal to the Tax Court. A complaint was filed by PSP and the individual plaintiffs in the Tax Court on May 25, 2001, ninety two days following February 22, 2001.
The Director’s contentions are as follows:
*103 1. PSP failed to file either a request for a hearing or a complaint in the Tax Court within ninety days of June 19, 2000, the date the Notice of Assessment Related to Final Audit Determination was issued. The purported request for a hearing from PSP’s accountant, dated February 12, 2001, was sent 238 days from the June 19, 2000 notice of assessment. The complaint in the matter before this court was filed with the Tax Court on May 25, 2001, 340 days subsequent to June 19, 2000. Plaintiffs contend that the Director’s February 22, 2001 denial directed to the accountant who authored the February 12, 2001 request for a hearing, shouldn’t be considered as a valid denial, since it was not directed to the individual plaintiffs.
2. The rights and obligations of the individual plaintiffs to file a protest with the Director or complaint with the Tax Court began with the November 28, 2000 Notice of Finding of Responsible Person Status. The Director contends that the February 12, 2001 letter to the Director related only to PSP and was not written on behalf of the individual plaintiffs. The May 25, 2001 complaint, as it relates to the individual plaintiffs, was filed more than ninety days after the November 28, 2000 Notice of Finding of Responsible Person Status.
The plaintiffs essentially contend that both PSP and the individual plaintiffs were covered by the February 12, 2001 request for a hearing. Accordingly, plaintiffs argue that the denial of the protest mailed February 22, 2001 would create a ninety-day period in which to file a complaint with the Tax Court, plus three days for mailing, resulting in a properly filed Tax Court complaint.
Plaintiffs also argue that the Director failed to comply with N.J.S.A. 54A:9-2, alleging that the Director failed to mail a notice of deficiency prior to issuing the notice of assessment. This argument goes to the merits of the tax liability. Since, as aforesaid, this court will grant the Director’s motion to dismiss plaintiffs’ complaint, this contention raised by the plaintiffs is moot. More specifically, with respect to the ninety-day period, plaintiffs argue that, since the notice denying the protest was mailed on February 22, 2001, plaintiffs should have three days, in *104 addition to the ninety-day period, within which time to file the Tax Court complaint.
This court finds plaintiffs’ arguments to be without merit.
First, the corporate plaintiff, PSP, took no steps to challenge the June 19, 2000 Notice of Assessment Related to Final Audit Determination until after the Director issued a Notice and Demand for Payment of Tax on November 28, 2000. The Notice and Demand for Payment issued to PSP does not alter PSP’s ultimate responsibility to file a protest or a complaint within ninety days of the June 19, 2000 assessment. In order for PSP to have timely protested the June 19, 2000 Notice of Assessment Related to Final Audit Determination, it would have had to file a notice of protest and request for a hearing with the Director within ninety days. N.J.S.C. 18:1-1.8 states:
A Conference and Appeals Branch within the Division of Taxation exists in accordance with N.J.S.A. 54:49-18 to conduct administrative hearings and reviews of findings or assessments of the Director---- Unless the appropriate taxing statute provides for a different period within which a protest must be filed, a protest, and a request for hearing, if any, must be made pursuant to N.J.S.A. 54:49-18 within 90 days of the giving of the notice or the action of the Director sought to be reviewed.
N.J.S.A. 54:49-18a states:
If any taxpayer shall be aggrieved by a finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in wilting signed by himself or his duly authorized agent____
PSP sent a letter to the Director on February 12, 2001, well beyond ninety days after the June 19, 2000 Notice of Assessment Related to Final Audit Determination.
With respect to the individual plaintiffs, this court finds that the February 12, 2001 letter referred only to the corporate plaintiff, PSP. The gist of the February 12, 2001 letter refers to audits of “taxpayer” which obviously must have preceded the November 28 Notice and Demand for Payment and specifically does not refer to the individual plaintiffs who didn’t become potentially liable until the November 28, 2000 Notice of Finding of Responsible Person Status, directed to them individually. The individual plaintiffs, therefore, had ninety days from November 28, *105 2000 within which time to file a protest or complaint with the Tax Court. Since this court finds no protest was filed with the Director, and since the Tax Court complaint was filed on May 25, 2001, far in excess of ninety days after November 28, 2000, this court is without jurisdiction to hear their complaint.
Second, assuming that this court was to find that the February 12, 2001 protest included the individual plaintiffs, the Director’s denial of the protest, sent via certified mail dated February 22, 2001 and acknowledged as received by plaintiffs’ accountant on February 22, 2001, required the Tax Court complaint to be filed by May 23, 2001. Although it struck the court as peculiar that the Division’s February 22, 2001 letter was mailed by the Division and signed for on the same day, the certified receipt in sections a-c clearly demonstrates the accountant’s signature, as well as the date of February 22, 2001 as the date of receipt.
 Further, plaintiffs incorrectly cite R. 1:3-3 for the proposition that they should have three days, in addition to the ninety-day period, within which time to file the Tax Court complaint. The additional three-day period is only applicable if the notice of action was sent by ordinary mail. Notice to plaintiffs in the case at bar was sent by certified mail, not ordinary mail. R. 8:4-2(b) provides:
If notice of an action is mailed the time period within which a complaint for review may be filed shall be extended pursuant to R. 1:3-3.
R. 1:3-3 provides:
When service of a notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period. (Emphasis added).
This rule makes clear that the extra three days are allowed only when notice by mail is made by ordinary mail. This is because, pursuant to R. l:5-4(b), service of registered and certified mail is complete only upon acceptance. Therefore, since there is no lapse of time between service and receipt, an additional three days are unnecessary. Plaintiffs received notice on February 22, 2001. They had ninety days from the date of receipt to file their *106 complaint with the Tax Court. The complaint should have been filed on May 23, 2001. It was filed two days late, on May 25, 2001.
Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of ... government.
[F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 424, 495 A.2d 1313 (1985) (citations omitted).]
For the aforementioned reasons, Director’s motion dismissing plaintiffs’ complaint for lack of subject matter jurisdiction is granted.

 These taxes include: iitter tax, sales and use tax, corporate business tax and gross income tax — employer withholding tax. For purposes of this motion, the precise amounts of the various taxes are not in issue, and itemization of same is not provided.

 The court notes that the amounts in this document are not identical to those set forth in the June 19, 2000 Notice of Assessment Related to Final Audit Determination because the individuals are not liable for all of the corporation’s taxes.