831 A.2d 120

JAMES LIAPAKIS, PETITIONER–APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, AND DIRECTOR OF DIVISION OF TAXATION, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 15, 2003—Decided September 15, 2003.

Before Judges KING, WEFING and WECKER.

*Pope, Bergrin and Verdesco,* attorneys for appellant James Liapakis (*Arlindo B. Araujo,* on the brief).

*David Samson,* Attorney General, attorney for respondents (*Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Mala Narayanan,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

WECKER, J.A.D.

Petitioner, James Liapakis ("Liapakis" or "the taxpayer"), appeals from a judgment of the Tax Court dismissing his complaint as untimely and for lack of jurisdiction, pursuant to the applicable ninety-day limitations period prescribed with respect to Gross Income Tax disputes, *N.J.S.A.* 54A:9–10(a).[1] *See also* R. 8:4–1(b). The Tax Court judge held that the ninety-day period began to run upon the mailing of an assessment determination letter by the Director of the Division of Taxation ("the Director"). Because the complaint was filed with the Tax Court on the ninety-first day after the mailing date of the determination letter, the judge found the complaint untimely and dismissed for lack of jurisdiction. We reverse.

The Director determined that Liapakis owed $20,176 assessed as Gross Income Tax due for tax year 1995, pursuant to *N.J.S.A.*

---

[1] *N.J.S.A.* 54A:9–10(a) provides:

Any aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of the Division of Taxation ... appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law [*N.J.S.A.*] 54:48–1 *et. seq.*

54A:1–1 to 54A:10–12.  The Director's determination letter was issued and mailed by certified mail on August 18, 2000.  The certified mail was received by Liapakis on August 21, and his complaint was filed on November 17, 2000.  The filing date was ninety-one days after the date the determination letter was mailed and eighty-eight days after the date it was received by the taxpayer.  On January 16, 2001, the Director filed a motion to dismiss the complaint as untimely.  On April 27, 2001, the Tax Court agreed, dismissing the complaint for lack of subject matter jurisdiction.  Liapakis appeals from that determination.

Liapakis contends that his complaint was timely because the ninety-day period did not begin to run until he received the determination letter from the Director by certified mail.  The Director contends that the taxpayer's complaint was untimely because the ninety-day limitations period began to run on the date the determination letter was mailed by the Director.

The narrow question before us is whether it is the date the Director mailed the determination letter by certified mail, or the date when the taxpayer received and signed for the certified mail, that begins the calculation of the ninety-day period.  The answer depends on whether the court rules, adopted by the Supreme Court with respect to practice and procedure in the Tax Court,[2] apply to the calculation of the ninety-day period.  If the court rules apply, then Rule 8:4–2 governs and the complaint was timely.  On the other hand, if the court rules do not apply, the date of mailing begins the ninety days and the complaint is untimely.

Rule 8:4–2(a) provides:  "The time period shall be calculated from the date of service of the decision or notice of the action taken.  Additionally, Rule 8:4–2(b) provides: [I]f notice of an action is mailed the time period within which a complaint for

---

[2] *N.J.S.A.* 2B:13–3c provides:  "[p]ractice and procedure in the Tax Court shall be as provided by the Rules of the Supreme Court.

review may be filed shall be extended pursuant to *R.* 1:3–3. Rule 1:3–3 provides: "When service of a notice or paper is made by ordinary mail . . . 3 days shall be added to the period."

Although it may appear that the taxpayer's complaint did not meet the ninety-day time limit for appeal because Rule 8:4–2(b) extends time for filing only when the determination is mailed by ordinary mail, "pursuant to *R.* 1:3–3," closer analysis demonstrates that that is not the case. Under Rule 8:4–2(a), the start of the ninety-day period in which to appeal depends upon the date of service. The express incorporation of Rule 1:3–3 is explained by the fact that service by ordinary mail is deemed complete upon mailing. *R.* 1:5–4(b).

Rule 1:5–4(b) defines completion of service by mail. "[S]ervice by mail . . . shall be complete upon mailing of the ordinary mail. If no ordinary mailing is made, service shall be deemed complete upon the date of acceptance of the certified or registered mail. *Ibid.* Rules 8:4–2(a) and 1:5–4(b) together describe this taxpayer's situation precisely. The time for appeal is to be calculated from the date of service, *R.* 8:4–2(a), and service of the determination letter by certified mail was complete on the day Liapakis received and signed the postal service receipt, August 21, 2000. *See R.* 1:5–4(b). Thus if the court rules apply to determine the deadline for filing the complaint, then it was timely filed.

The taxpayer acknowledges that the analysis begins with *N.J.S.A.* 54A:9–10(a), a provision of the Gross Income Tax Law, which provides that any taxpayer may appeal a decision of the Director within ninety days "in accordance with the provisions of the State Tax Uniform Procedure Law ("Procedure Law")." [3] He argues that the relevant section of the Procedure Law is *N.J.S.A.* 54:51A–18, which provides: "Except as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the tax court shall be as

---

[3] The title was amended from State Tax Uniform Procedure Law to State Uniform Tax Procedure Law by *L.* 1999, *c.* 208, 12.

prescribed by rules of court." Because the Procedure Law explicitly incorporates the rules of court, the taxpayer argues that the ninety-day period for filing an appeal with the Tax Court begins to run only upon receipt of the certified determination letter, pursuant to Rule 8:4–2(a) and Rule 1:5–4(b).

The taxpayer relies on the rationale of the Appellate Division in *Tp. of Holmdel v. Director, Div. of Taxation*, 12 *N.J.Tax* 112 (App.Div.1991), *aff'd o.b.*, 130 *N.J.* 522, 617 *A.*2d 656 (1992), for its holding that *N.J.S.A.* 54:51A–18 unequivocally directs that the rules of court are applicable to the calculation of the ninety-day limitations period for filing an appeal to the Tax Court from the Division of Taxation. He argues that *Holmdel* stands for the proposition that the court rules do not substantively increase the ninety-day limitations period, but instead prescribe the manner and procedure by which the ninety-day statutory period is to be calculated.

The Director also acknowledges that the analysis begins with *N.J.S.A.* 54A:9–10(a). He contends, however, that the applicable section of the Procedure Law to be read in conjunction with *N.J.S.A.* 54A:9–10(a) is not *N.J.S.A.* 54:51A–18, but *N.J.S.A.* 54:49–18a, which provides: "The time for appeal to the Tax Court ... shall commence from the date of the final determination by the director. The Director argues that "the date of the final determination by the director" prescribes the commencement of the limitations period, and that date is the date of mailing pursuant to *N.J.S.A.* 54A:9–10(e), which provides: "for the purpose of forming a complaint, the decision of the director shall be deemed final on the date the notice of decision is sent by mail to the taxpayer." The Director contends that like all language dealing with statutes of limitations, this language must be strictly construed and is not relaxable.

The Director relies on *F.M.C. Stores Co. v. Borough of Morris Plains*, 100 *N.J.* 418, 495 *A.*2d 1313 (1985) [4], for two propositions:

---

[4] *F.M.C. Stores* involved a taxing district's counterclaim filed after the August 15 deadline set forth in the property tax statutes. *N.J.S.A.* 54:3–21. Holding

that the doctrine of relaxable court rules is inapplicable to statutory deadlines for filing complaints in the Tax Court, and that court rules cannot overcome statutory time limits. He argues that relying on the court rules would expand the statute of limitations, allowing procedure to invade the area of substantive law, contrary to *Winberry v. Salisbury*, 5 *N.J.* 240, 74 *A.*2d 406, *cert. denied*, 340 *U.S.* 877, 71 *S.Ct.* 123, 95 *L.Ed.* 638 (1950). Instead, the Director argues, the court rules should be applied only to procedural concerns and only after the complaint has been filed in the Tax Court.

The Director asks us to reject the reasoning of *Holmdel* because of two statutory changes, specifically, an amendment to *N.J.S.A.* 54:49–18a on December 10, 1992 (one week after the Supreme Court affirmed the Appellate Division in *Holmdel*), *L.* 1992, *c.* 175; and the enactment of the Tax Court organizational statute, *N.J.S.A.* 2B:13–1 to –15, on March 12, 1993, *L.* 1993, *c.* 74.

First, the Director cites *N.J.S.A.* 54:49–18a, amended to add a provision for the commencement of the time to appeal: "The time for appeal to the Tax Court pursuant to subsection a. of [N.J.S.A.] 54:51A–14 ... shall commence from the date of the final determination by the director. The Director argues that this specific statutory addition supercedes our reliance on *N.J.S.A.* 54:51A–18 in *Holmdel*.

Second, the Director cites *N.J.S.A.* 2B:13–1 to –15, which repealed and replaced various sections of Title 2A of the New Jersey Statutes as the source of the Tax Court's jurisdiction and organization. Repealed section *N.J.S.A.* 2A:3A–4.1 previously provided:

a. Review of actions ... shall be by filing a complaint in the Tax Court pursuant to the rules of court.

---

that leave was erroneously granted for the late filing, the Court said: "Strict adherence to statutory time limitations is essential in tax matters, *borne of the exigencies of taxation and the administration of local government*." *F.M.C. Stores*, 100 *N.J.* at 424, 495 *A.*2d 1313.

b. [A] complaint may be filed in the Tax Court ... [f]rom actions of Director, Division of Taxation, within 90 days of the action so reviewed, *pursuant to rules of court.* [Emphasis added].

Chapter 13 of Title 2B, which establishes the Tax Court's review jurisdiction, *N.J.S.A.* 2B:13-2, does not include language which prescribes the time within which appeals must be filed. *N.J.S.A.* 2B:13-3c, however, provides: "Practice and procedure in the Tax Court shall be as provided by the Rules of the Supreme Court."

The Director's arguments compel analysis of the statutes involved and their interplay with the court rules. *N.J.S.A.* 54A:9-10(a) of the New Jersey Gross Income Tax Act provides: "[a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of the Division of Taxation ... appeal therefrom to the tax court in accordance with the provisions of the [Procedure] Law." Within the Procedure Law, *N.J.S.A.* 54:51A-13 provides, all complaints seeking review of actions of the Director of the Division of Taxation or any other State agency or officer with respect to any tax matter ... shall be prosecuted in accordance with the provisions of article 2 of this chapter.

Article 2 includes both *N.J.S.A.* 54:51A-14 and -18, two statutes addressed in *Holmdel. N.J.S.A.* 54:51A-14 provides, in pertinent part, "[e]xcept as otherwise provided in this section, all complaints shall be filed within 90 days after the date of the action sought to be reviewed." *N.J.S.A.* 54:51A-18 provides: "[e]xcept as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the tax court shall be as prescribed by rules of court." We are satisfied that as in *Holmdel*, there is no exception "otherwise specifically provided by law" that prevents the rules of court from governing the computation of the taxpayer's time to appeal in this case.

In *Holmdel*, Judge Baime analyzed the applicability of the court rules to the provisions of the Procedure Law.[5] 12 *N.J.Tax* at 115-

---

[5] *Holmdel* presented questions concerning a municipality's entitlement to distributions of State revenue under the Premiums Tax Act, *N.J.S.A.* 54:18A-1

17. The Director had argued that the taxpayer, which filed its appeal papers with the Tax Court ninety-two days after the Director mailed his letter decision, did not meet the ninety-day time limit prescribed by *N.J.S.A.* 54:51A–14. The Tax Court rejected that argument and found the filing timely in light of the court rules. We affirmed.

Noting that this was a "procedural question," we reasoned in *Holmdel* (in an opinion adopted by the Supreme Court), that the court rules did "not extend the filing deadline, but instead prescribe[d] the manner in which the 90 day statutory period [was] to be calculated." *Holmdel,* 12 *N.J.Tax* at 116. We acknowledged that while *N.J.S.A.* 54:51A–14 did not expressly incorporate the court rules as did *N.J.S.A.* 54:51A–18, neither did it prohibit their application. Under *N.J.S.A.* 54:51A–18, the rules were expressly made applicable "to the complaint and practice in the tax court" and therefore to the calculation of the time to appeal. We held that even though *N.J.S.A.* 54:51A–14 was "devoid of any reference to court rules," when read together with *N.J.S.A.* 54:51A–18, the latter provision "constitutes express legislative recognition of the judiciary's responsibility to prescribe the procedure for the calculation of the limitations period." *Holmdel,* 12 *N.J.Tax* at 116 (citing *Winberry* ). Thus the statute itself provided "express authorization for calculating the limitation period in accordance with court rules." *Id.* at 117.

In *Winberry,* the Supreme Court addressed a separation of powers issue arising under the state constitution. The Court interpreted Article VI, Section II, paragraph 3 of the 1947 Constitution, which grants authority and places responsibility in the Court to "make rules governing the administration of all courts in the State and, *subject to law,* the practice and procedure in all such courts." *Id.* at 243, 74 *A.2d* 406. The Court rejected the argument that the phrase "subject to law" meant "subject to

to –10, after an insurance company taxpayer ceased to be a domestic company. That substantive issue is irrelevant to this appeal.

legislation," because that would have allowed the Legislature to interfere with and even supercede the ongoing rule-making power granted to the Supreme Court. Instead, the Court interpreted "subject to law" to mean "substantive law" generally, including not only legislation, but also "the rights and duties which have come down to us through common law." *Id.* at 248, 74 *A.*2d 406. The converse of the limitation on the Legislature's power to invade judicial rule-making is that the Court's "rule-making power as to practice and procedure must not invade the field of the substantive law as such." *Ibid.*

We particularly note the precise holding of *Winberry* that a court rule requiring appeal from a final judgment in the trial court to be filed within 45 days prevailed over a conflicting statute that allowed one year for such an appeal. *Id.* at 255, 74 *A.*2d 406. That holding, as well as the Court's reasoning, informs our decision.

As Judge Kuskin recently found in *Suecharon v. Director, Div. of Taxation,* 20 *N.J.Tax* 371 (Tax 2002), there is little support in the post-*Holmdel* legislation to support the Director's argument. Addressing the same issue we face in this case, the Tax Court judge rejected the Director's argument:

I further conclude that the 1992 amendment to N.J.S.A. 54:49–18a did not preclude calculation of the appeal period by applying court rules. The amendment was part of the enactment of the Taxpayers' Bill of Rights, *L.* 1992, *c.* 175, legislation intended to "assure that all taxpayers will be accorded basic rights of fair and equitable treatment." Senate Budget and Appropriations Committee Statement to Assembly Bill Nos. 385 and 1474 *L.* 1992, *c.* 175. In light of this statutory purpose, interpreting the amendment as altering the calculation of appeal periods in a manner adverse to taxpayers would be illogical, inappropriate, and incorrect in the absence of express statutory language or a legislative statement requiring that interpretation. No such language or statement exists.

[*Id.* at 380].

Contrary to the Director's contention, neither of the amendments affect *Holmdel's* applicability.

To the extent that the Director's argument demonstrates an inconsistency among statutes addressing the same subject, we must strive to interpret those statutes in harmony with each other,

as we did in *Holmdel. See Oches v. Tp. of Middletown Police Dep't,* 155 *N.J.* 1, 5, 713 *A.*2d 993 (1998). And to the extent that there is any ambiguity arising out of the statutes invoked by the Director, we follow the principle that ambiguities in the tax law are to be construed in favor of the taxpayer. *See Stryker Corp. v. Director, Div. of Taxation,* 168 *N.J.* 138, 155, 773 *A.*2d 674 (2001) (citing 3A Norman J. Singer, *Sutherland Statutory Construction* § 66.01 (5th ed.1992)).

We have carefully reviewed the arguably applicable statutes and court rules invoked by the parties to this appeal, as well as the several published Tax Court decisions that have addressed questions similar to that which is now before us. *Compare Heico Corp. v. Director, Div. of Taxation,* 20 *N.J.Tax* 106 (Tax 2002) (rejecting the applicability of *R.* 1:5–4(b) to the calculation of the ninety-day period), *with Holmdel, supra,* 12 *N.J.Tax* 112 (addressing *R.* 1:3–3); *Suecharon, supra,* 20 *N.J.Tax* 371 (*R.* 1:5–4(b) is applicable to the calculation); *Portuguese Spanish Palace Corp. v. Director, Div. of Taxation,* 20 *N.J.Tax* 100 (Tax 2002) (*R.* 1:5–4(b) applies) [6]; and *Pennoyer v. Taxation Div. Director,* 5 *N.J.Tax* 386 (Tax 1983) (*R.* 1:3–3 applies to the calculation). If we are incorrect in our view that *Holmdel* remains controlling law, that is for the Supreme Court to say. We conclude that the decision that the court rules apply to the case before us is compelled not only by *Holmdel,* 12 *N.J.Tax* at 112, but also by *Winberry,* 5 *N.J.* at 240, 74 *A.*2d 406.

Rule 8:4–1(b) provides that complaints seeking to review the Director's actions "with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed,"

---

[6] The taxpayer's complaint was filed ninety-two days after the date the taxpayer acknowledged receipt of the Director's decision by certified mail. Inexplicably, the determination was said to have been mailed on the same date that receipt was acknowledged. The complaint was held untimely because *R.* 1:5–4(b) and not *R.* 1:3–3 defined the date when service was complete; the ninety days within which to file a complaint, prescribed by *N.J.S.A.* 54:49–18 and calculated pursuant to *R.* 8:4–2(a), could not be extended by three days pursuant to *R.* 8:4–2(b) and *R.* 1:3–3.

mirroring the language of *N.J.S.A.* 54:51A–14. With respect to the calculation of the ninety days, Rule 8:4–2(a) provides: "[t]he time period shall be calculated *from the date of service of the decision* or notice of the action taken." (Emphasis added). Rule 1:5–4(b) provides that service by certified or registered mail "shall be deemed complete upon the date of acceptance of the certified or registered mail."

In sum, Rule 1:5–4(b) applies to the calculation of the ninety-day time limit for filing an appeal from a final determination of the Director when that determination is sent to the taxpayer by certified mail. The ninety-day time limit prescribed by *N.J.S.A.* 54A:9–10(a) and Rule 8:4–1(b) begins to run on the date the taxpayer signed the certified mail return receipt for his determination letter. The taxpayer's complaint here was timely.

As in *Holmdel,* we conclude that Rule 8:4–2(b) merely provides the method by which the ninety-day period is to be calculated, a necessary bright-line rule for calculating the time for an appeal to the Tax Court from a determination of the Director. Such a rule furthers the legislative policy expressed by the Legislature in the 1992 amendment to the Procedure Law, which included the Taxpayer's Bill of Rights. *See* Senate Budget and Appropriations Committee Statement to Assembly Bill Nos. 385 and 1474 (enacted as *L.* 1992, *c.* 175).

Reversed and remanded for further proceedings.