PIZZUTO, J.T.C.
This case presents the question of whether the ninety-day period allowed by N.J.S.A. 54:49-18 a for the filing of an administrative protest of an additional transfer inheritance tax assessment begins to run as of the date of the assessment notice or the date of receipt of the notice by the representative of the estate. Although certain findings and conclusions to the contrary were expressed on the record, after reconsideration in light of the complete arguments of the parties, a protest mailed to the Division of Taxation within ninety days of receipt of the subject assessment notice is found to be timely. The reasons for this determination follow.
By notice dated December 4, 2003 (Thursday), the Division of Taxation imposed an additional transfer inheritance tax against the estate of Josephine Pelligra in the amount of $101,792.55, including penalty and interest through that date. The parties agree that the notice was sent by certified mail and delivered to the estate’s representative, as evidenced by the return receipt, on December 9, 2003 (Tuesday). The basis for the assessment was the Division’s conclusion that an inter vivos transfer of certain United States Treasury securities made within three years of the decedent’s death was made in contemplation of her death, and that the transferred property is therefore includable in the estate for *660 transfer inheritance tax purposes. See N.J.S.A. 54:34-1 c. The estate contends that the transfer was in consideration for the continuing care of decedent by the transferees and therefore not subject to inclusion in the estate.
The estate’s protest of this determination was mailed to the Division, as evidenced by postmark, on March 5, 2004 (Friday), and was received by the Division on March 8, 2004 (Monday). By letter dated March 16, 2004, the Division denied the protest as untimely. By complaint filed in the Tax Court on April 7, 2004, the estate contests that determination and seeks an adjudication vacating the assessment. The Division has moved for dismissal of the complaint. Although the motion is phrased in terms of untimely filing in the Tax Court, the actual issue, acknowledged as such by the parties at argument, is whether the Division correctly denied the protest as untimely and disallowed administrative review of the assessment. If the Division’s action is correct, this action may be summarily dismissed. If not, further proceedings to address the estate’s substantive argument will follow.
The statute generally governing administrative protests of additional tax assessments, N.J.S.A. 54:49-18 a, provides, in pertinent part:
If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying or vacating any such finding or assessment.
If this procedure is followed, judicial review of the final determination may be sought in the Tax Court. Alternatively, a taxpayer dissatisfied with an additional assessment may, without filing an administrative protest, proceed directly to the Tax Court, by filing a complaint “within 90 days after the date of the action sought to be reviewed.” N.J.S.A. 54:51A-14 a. The notice of assessment issued by the Division in this matter advised the estate’s representative of these two avenues to dispute the determination. In describing the administrative protest procedure, the notice recited *661 that this required “a written request to the Inheritance Tax Branch within 90 days of the date of this notice.”
The language of the notice is not conclusive on the question of when the ninety-day period begins to run, inasmuch as the statutory language speaks of “the giving of the notice” without specifying whether notice is considered to be given on the date written notification is issued, mailed, or received. Determination of the actual event constituting the giving of notice under a particular statutory provision is a question for interpretation. See Elliot-Farber Roofing & Siding Supply Co. v. Saitta, 79 N.J.Super. 568,192 A.2d 318 (App.Div.1963).
The Division’s regulation concerning inheritance tax protests, N.J.A.C. 18:26-12.9(a), provides, in pertinent part:
In order to make a protest of a Transfer Inheritance and Estate Tax Branch assessment or finding within the 90 day period provided by N.J.S.A. 54:49-18, a written protest must be submitted to the Branch.
It does not expressly address when the ninety-day period begins. The general regulation for protests of assessment, both as codified at N.J.A.C. 18:1-1.8 at the time of the subject assessment and now as appearing at N.J.A.C. 18:32-1.1, describes the period within which a protest is timely as “within 90 days of the giving of the notice or the action of the Director sought to be reviewed.” In their totality, the statutory and regulatory provisions, and the variations among them, leave the determination to be made in this matter less than clear.
If the ninety-day period for making a protest began on the date of the December 4, 2003 notice, then the subject protest is not timely. The Division has supplied an uncontroverted certification that the notice was actually mailed on December 3, but it does not contend, in these circumstances, that the ninety-day period began from the mailing date. Instead it argues that the period began on the date of the notice. The ninetieth day after the notice date of December 4, 2003 (Thursday) was March 3, 2004 (Wednesday), and the estate’s protest was received in the Division on March 8, 2004 (Monday). Under N.J.S.A. 54:49-3.1, however, the protest is considered to have been made on the date of its mailing, as established by the postmark, which is acknowledged to be March *662 5, 2004 (Friday). Under the Division’s interpretation, therefore, the protest was two days late. On the other hand, if the ninety-day period began to run as of delivery of the assessment notice on December 9, 2008 (Tuesday), the protest was postmarked within ninety days of delivery of the notice and was therefore timely.
In support of its claim that the subject protest was timely, the estate relies on cases concerning the timeliness of appeals to the Tax Court. E.g. Liapakis v. Director, Division of Taxation, 363 N.J.Super. 96, 831 A.2d 120 (App.Div.2003), certif. denied, 179 N.J. 369, 845 A.2d 1252 (2004) (reversing the Tax Court’s decision to dismiss a complaint for untimely filing and lack of jurisdiction by concluding that the ninety-day statute of limitations “begins to run on the date the taxpayer signed the certified mail return receipt for his determination letter”); Suecharon v. Director, Division of Taxation, 20 N.J.Tax 371 (2002) (denying the Director’s motion to dismiss for untimely filing by concluding that the three-day extension pursuant to R. 1:3-3 is applicable when the Director mails a final determination by certified or registered mail). The Appellate Division decision in Liapakis, supra, is, of course, controlling with respect to interpretation of the court rules on the determination of timeliness in the Tax Court. The court rules, however, have no bearing in determining the timeliness of an administrative protest under N.J.S.A. 54:49-18 a.
The Division’s construction of the statute, however, would produce the anomaly that a Tax Court complaint filed on March 8, 2004, the day the subject protest was delivered to the Division, would be timely under Liapakis while the subject administrative protest would not. Our Supreme Court has held that a timely filing in federal court of an action where the particular claim presented was outside federal subject-matter jurisdiction satisfied the statute of limitations so as to preclude dismissal of a state court action filed twenty-two days after the running of the limitations period. See Galligan v. Westfield Centre Service, Inc., 82 N.J. 188, 412 A.2d 122 (1980). Similar reasoning would lead to the conclusion that the subject protest was timely because a complaint filed on the same day in the Tax Court would have initiated a timely appeal.
*663 A further point bears mention. At the time the estate’s protest was denied as untimely, the estate’s opportunity to obtain review of the contested question of tax liability was not totally foreclosed. Under N.J.S.A. 54:34-13 and 54:49-14 b, after payment of the additional assessment within one year from the expiration of the protest period, a refund claim within 450 days of the period’s expiration would have been timely. In view of this decision, there is no occasion to determine whether that opportunity remains available.
The circumstances of this case, considered in their totality, present an appropriate occasion to consider the general principle invoked in the Liapakis decision and to “follow the principles that ambiguities in the tax law are to be construed in favor of the taxpayer.” See Stryker Corp. v. Director, Div. of Taxation, 168 N.J. 138, 155, 773 A.2d 674 (2001) (citing 3A Norman J. Singer, Sutherland Statutory Construction § 66.01 (5th ed. 1992)). Liapakis, supra, 363 N.J.Super, at 106, 831 A.2d 120.
Accordingly, the ninety-day period within which to protest the subject assessment is determined to run from delivery of the assessment notice. The Director’s motion to dismiss the complaint is therefore denied and the issue of the estate’s liability for the additional assessment will be addressed in further proceedings.