NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY

**JOAN BEDRIN MURRAY**
**JUDGE**



125 State Street, Suite 100
Hackensack, New Jersey 07601
Tel: (609) 815-2922 Ext. 54660
Fax: (201) 996-8052

June 11, 2021

VIA eCourts
Miles Eckardt
Deputy Attorney General
Gurbir S. Grewal, Attorney General of N.J.
Attorney for defendant

VIA Regular Mail
Francia Encarnacion
311 Totowa Avenue, 2nd Floor
Paterson, New Jersey 07502

>       Re:     Francia Encarnacion v. Director, Division of Taxation
>               Docket No. 008889-2019

Dear Plaintiff and Counsel:

This letter constitutes the court's opinion with regard to defendant, Director, Division of Taxation's motion to dismiss plaintiff's complaint with prejudice for lack of subject-matter jurisdiction under R. 4:6-2(a). In short, defendant contends plaintiff untimely protested a denial of her claim for a New Jersey Earned Income Tax Credit. The motion is unopposed. For the reasons set forth below, defendant's motion is granted.

### I.      Findings of Fact and Procedural Posture

On February 27, 2018, plaintiff filed a New Jersey Gross Income Tax resident return for

   

tax year 2017 that included a claim for a New Jersey Earned Income Tax Credit (NJ EITC). By letter dated January 2, 2019, plaintiff was informed the NJ EITC was denied, and that she had ninety days from the date of the notice to either submit a written protest or appeal the decision by filing a complaint with the Tax Court of New Jersey. Attached to defendant's letter is a notice entitled "Taxpayer Rights" setting forth with specificity the means by which plaintiff could exercise her right to do so.

In support of the motion to dismiss, defendant offers the Certification of Stephen DeLuca, conferee for the Division of Taxation. Mr. DeLuca states he is assigned to assist defendant's counsel in defense of the final determination at issue in this matter. Attached to his certification is plaintiff's letter dated April 25, 2019 advising that she is appealing and protesting the January 2, 2019 denial notice. Also supplied is a copy of the envelope bearing a postmark of April 27, 2019.

In a letter dated May 9, 2019, defendant notified plaintiff her protest was untimely, having been postmarked more than ninety days from the date of the January 2, 2019 final denial.[1] As such, her request for a hearing was time-barred and denied. Plaintiff filed a complaint with the Tax Court of New Jersey on May 28, 2019.

While the motion is unopposed, it is noted that plaintiff's appeal is based on claims she did, in fact, respond to defendant's January 2, 2019 final denial in a timely manner, including visiting the regional Division of Taxation office in Fair Lawn, New Jersey in an attempt to resolve the matter. Discovery was extended to allow plaintiff time to uncover documents to support her

---

[1] In her protest letter, plaintiff refers to a denial of the NJ EITC for tax years 2017 and 2018. Defendant's May 9, 2019 response, however, notes plaintiff's 2018 NJ EITC had been issued to her on April 11, 2019 and that only the 2017 tax credit was denied.

claim of timeliness. The record before the court, however, does not demonstrate a written protest being submitted until April 27, 2019.

## II.  Conclusions of Law

R. 4:6-2(a) provides that a party asserting lack of subject-matter jurisdiction may assert such dispositive defense in a motion prior to filing a responsive pleading.

The legal standard governing appeals from actions taken by the Director, Division of Taxation is codified in the State Uniform Tax Procedure Law, N.J.S.A. 54:48-1 to 54:54-6 (UPL). Therein, N.J.S.A. 54:49-18(a), provides in part:

> If any taxpayer shall be aggrieved by any finding or assessment of the director, [s]he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by [herself] or [her] duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested and shall make a final determination confirming, modifying or vacating any such finding or assessment.
>
> [Ibid.]

The ninety-day period for filing a protest runs from the time the plaintiff receives notice. Estate of Pelligra v. Dir., Div. of Taxation, 23 N.J. Tax 658, 663 (Tax 2008) (citing Liapakis v. State of New Jersey, Dept. of the Treasury, Div. of Taxation, 363 N.J. Super. 96 (App. Div. 2003) wherein the Appellate Division reversed the Tax Court, concluding the ninety-day statute of limitations for filing a Tax Court complaint runs from the date of receipt of the final determination).

Further, a protest or any other document "required to be filed within a prescribed period . . . shall be deemed to be delivered on the date of the United States postmark stamped on the envelope." N.J.S.A. 54:49-3.1(a).

3

Regarding appeals filed in the Tax Court, N.J.S.A. 54:51A-14(a) of the UPL mandates that "all complaints shall be filed within 90 days after the date of the action sought to be reviewed." Also, N.J.S.A. 54:51A-16 provides that the appeal process as set forth in the UPL "shall be the exclusive remedy available to any taxpayer" for review of any action taken by the Director, Division of Taxation. Ibid. Finally, R. 8:4-1(b) states that the time for filing a complaint in the Tax Court with regard to actions taken by the Director, Division of Taxation must be filed within 90 days of the date of said action. The statutory time periods in the New Jersey Court Rules are jurisdictional. McMahon v. City of Newark, 195 N.J. 526, 530, 544 (2008). As such, they are not subject to relaxation by the Tax Court. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 8:4-1 (GANN) (2021).

In F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424 (1985), the Court held that "[s]trict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government." These time constraints are non-relaxable "in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax, 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 160, 164-66 (Tax 1988)). In Slater v. Dir., Div. of Taxation, 26 N.J. Tax 322, 333 (Tax 2012), the court noted prior holdings that "[t]he Tax Court lacks jurisdiction to hear the complaint of a taxpayer which was not filed until the day after the 90 day period." See Clairol, Inc. v. Kingsley, 109 N.J. Super. 22, 25 (App. Div. 1970); F.M.C. Stores, 100 N.J. at 423-25.

In this matter, plaintiff's time to act began to run on January 2, 2019 and expired ninety days later on April 2, 2019. Plaintiff's protest letter, however, was deemed delivered on the postmark date of April 27, 2019. The record before the court clearly demonstrates the protest letter

was untimely. Further, plaintiff does not deny receipt of defendant's January 2, 2019 denial letter containing instructions on submitting either a protest or filing an appeal with the Tax Court. Likewise, plaintiff's appeal to the Tax Court is untimely as it was filed more than ninety days after the final decision contained in the Director's January 2, 2019 letter informing her of the time limitations for filing either a protest or an appeal.

In light of the foregoing, the court concludes that it lacks jurisdiction to entertain plaintiff's complaint. As such, dismissal of the complaint with prejudice is warranted. An Order accompanies this Opinion.


Very truly yours,

/s/ Joan Bedrin Murray

Joan Bedrin Murray, J.T.C.