

**TAX COURT OF NEW JERSEY**

JOSHUA D. NOVIN
Judge

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

**NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS**

August 15, 2025

Mr. Aidong Chen
1105 Longspur Boulevard
Orion Township, Michigan 48360

Aiden L. Black
Deputy Attorney General
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, New Jersey 08625-0106

      Re:    <u>Aidong Chen v. Dir., Div. of Taxation</u>
             Docket No. 008793-2024

Dear Mr. Chen and Deputy Attorney General Black:

This letter shall constitute the court's opinion on the motion for summary judgment by the Director, Division of Taxation, seeking entry of an order dismissing plaintiff's complaint with prejudice for lack of subject matter jurisdiction, under <u>R.</u> 8:4-1(b), N.J.S.A. 54A:9-10(a), and N.J.S.A. 54:51A-14.

For the reasons explained below, the court grants the Director, Division of Taxation's motion.

### I.    <u>Findings of Fact and Procedural History</u>

Pursuant to <u>R.</u> 1:7-4, the court makes the following findings of fact based on the submissions of the parties and the pleadings.

In or about April 2018, plaintiff, Aidong Chen ("plaintiff"), filed a New Jersey Resident Gross Income Tax Return, Form NJ-1040. Plaintiff's 2017 New Jersey Gross Income Tax Return






deducted moving expenses of $43,739 and applied a Qualified Conservation deduction of $2,000.

Following an audit of plaintiff's 2017 New Jersey Gross Income Tax Return, on or about October 1, 2021, the Director, Division of Taxation (the "Director") issued plaintiff a Notice of Deficiency asserting that plaintiff had an outstanding New Jersey Gross Income Tax deficiency in the sum of $4,447.00, plus interest and penalties.[1]

Plaintiff pursued administrative appeal remedies with the Director's Conference and Appeals Branch, and on August 16, 2023, the Director issued a Final Determination letter identifying plaintiff's total 2017 New Jersey Gross Income Tax liability as $6,607.00, inclusive of penalties and interest (the "Final Determination letter").

The motion record contains undisputed evidence that the Final Determination letter was addressed to plaintiff at 1105 Longspur Blvd., Lake Orion, MI 48360, and was forwarded by certified mail, return receipt requested. The "USPS Tracking" information reflects that the Final Determination letter was:

> Delivered, Left with Individual
> Lake Orion, MI 48360
> August 21, 2023, 2:28 p.m.

The Final Determination letter stated that "[y]ou did not submit sufficient documentation to verify deducting moving expenses in the amount of $43,739 or the Qualified Conservation Deduction in the amount of $2,000 from your income for tax year 2017." Importantly, the Final Determination letter further stated that, "[i]f you do not agree with the above determination, you may file a complaint with the Tax Court of New Jersey. The Tax Court must receive the complaint, along with the required fee relative to this determination, within 90 days from the date of this

---

[1] The COVID-19 Fiscal Mitigation Act, P.L. 2020, Ch. 19, extended the period for making an assessment by an additional ninety (90) days following the lifting of the state of emergency.






notice in accordance with the provisions of N.J.S.A. 54:51A-13 et seq."

On July 25, 2024, the Clerk of the Tax Court received a complaint from plaintiff challenging the Director's Final Determination letter.

On June 9, 2025, the Director filed the instant motion for summary judgment seeking entry of an order dismissing plaintiff's complaint with prejudice for lack of subject matter jurisdiction, under R. 8:4-1(b), N.J.S.A. 54A:9-10, and N.J.S.A. 54:51A-14.

In response to the Director's motion, plaintiff asserts that the untimely filing was "due to the technical problem in the defendant side's website and they make-up it by sending me a pdf file to print [and] then file in paper format." Plaintiff further argues that the Director "ignored my provided solid evidence prepared by professional relocation agent."

## II.  Conclusions of Law

### A.  Summary Judgment

Summary judgment "'serve[s] two competing jurisprudential philosophies': first, 'the desire to afford every litigant who has a bona fide cause of action or defense the opportunity to fully expose his case,' and second, to guard 'against groundless claims and frivolous defenses,' thus saving the resources of the parties and the court." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 541-42 (1995)).

R. 4:46-2 outlines the circumstances under which summary judgment should be granted:

> if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.
>
> [R. 4:46-2.]

In Brill, our Supreme Court explained that "the essence of the inquiry [is] whether the






evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In conducting this inquiry, the trial court must engage in a "kind of weighing that involves a type of evaluation, analysis and sifting of evidential materials." Ibid. The standard established by our Supreme Court in Brill is as follows:

> [w]hen deciding a motion for summary judgment under R. 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential material presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Id. at 536.]

In considering the material evidence before it with which to determine if there is a genuine issue of material fact, the court must view most favorably those items presented to it by the party opposing the motion and all doubts are to be resolved against the movant. Ruvolo v. American Casualty Co., 39 N.J. 490, 491 (1963). A court charged with "deciding a summary judgment motion does not draw inferences from the factual record as does the factfinder in a trial, . . . [i]nstead, the motion court draws all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co., 225 N.J. at 480 (internal citations omitted). Thus, the moving party bears the burden "to exclude any reasonable doubt as to the existence of any genuine issue of material fact" with respect to the claims being asserted. United Advertising Corp. v. Borough of Metuchen, 35 N.J. 193, 196 (1961).

"By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where a party opposing the motion has come forward with evidence that creates a






'genuine issue as to any material fact challenged.'" Brill, 142 N.J. at 529. However, when the party opposing the motion merely presents "facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious," then an otherwise meritorious application for summary judgment should not be defeated. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75 (1954). Hence, "when the evidence is so one-sided that one party must prevail as a matter of law . . . the trial court should not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Liberty Lobby, Inc., 477 U.S. at 252).

Having reviewed the pleadings, affidavits, and undisputed material statements of fact, the court concludes that no genuine issues of material fact are in dispute. Rather, this matter involves an application of law to the undisputed facts contained in the motion record, and thus, is ripe for summary judgment.

## B. Jurisdiction

The court's analysis begins with a principle that is axiomatic, the Tax Court is a court of limited jurisdiction. N.J.S.A. 2B:13-2. As our Supreme Court recently observed, the narrow jurisdiction of the Tax Court is "defined by statute . . . It is against this comprehensive mosaic of procedural safeguards -- one with which continuing strict and unerring compliance must be observed." McMahon v. City of Newark, 195 N.J. 526, 529 (2008).

This court's jurisdiction to review any decision, order, finding, assessment or action of the Director is clearly delineated under our statutes. N.J.S.A. 54:51A-14, provides, in part, that:

> all complaints shall be filed within 90 days after the date of the action sought to be reviewed.
>
> [N.J.S.A. 54:51A-14.]

Similarly, N.J.S.A. 54A:9-10(a) provides that:






> [a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of the Division of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law., R.S. 54:48-1, et seq.
>
> [N.J.S.A. 54A:9-10(a).]

Our court rules mirror this statutory scheme, requiring that "[c]omplaints seeking to review actions of the Director of the Division of Taxation . . . with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed." R. 8:4-1(b).

The 90-day limitations period is "calculated from the date of service of the decision or notice of the action taken." R. 8:4-2. In Liapakis v. State Dep't of Treasury, Div. of Taxation, 363 N.J. Super. 96, 99 (App. Div. 2003), certif. denied, 179 N.J. 369 (2004), our Appellate Division concluded that R. 8:4-2 applies to calculation of the 90-day period and therefore, the 90-day limitations period begins to run upon the taxpayer's receipt of the notice.

An exacting compliance with the statutory provisions and court rules is a fundamental prerequisite to conferring jurisdiction on this court. It is well-settled that "statutes of limitation applicable to suits against the government are conditions attached to the sovereign's consent to be sued and must be strictly construed." H.B. Acquisitions, Inc. v. Dir., Div. of Taxation, 12 N.J. Tax 60, 65 (Tax 1991). The "court has no power . . . to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor." Prospect Hill Apartments v. Borough of Flemington, 172 N.J. Super. 224, 227 (Tax 1979).

A taxpayer's failure to comply with the applicable limitations period is "of particular concern in tax matters, given 'the exigencies of taxation and the administration of . . . government.'" Millwork Installation, Inc. v. State Dep't of the Treasury, Div. of Taxation, 25 N.J. Tax 452, 459 (Tax 2010) (quoting F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418,






424 (1985)). The court's strict adherence to "limitation period[s] is mandatory and is justified by the need for predictability of revenues by the State." McCullough Transportation Co. v. Motor Vehicles Division, 113 N.J. Super. 353 (App. Div. 1971). In the taxation arena, "statutes of limitation and limitation periods play a vital role. Legislative policy has consistently followed the salutary principle that proceedings concerning tax assessments and governmental fiscal matters be brought expeditiously within established time periods." L.S. Village, Inc. v. Lawrence Twp., 8 N.J. Tax 287 (Law Div. 1985), aff'd, 8 N.J. Tax 327 (App. Div. 1986). Thus, after expiration of the applicable limitations period, the Director is entitled to assume that an assessment is final, and is not subject to further scrutiny by the court. Commercial Refrigeration & Fixture Co., Inc. v. Dir., Div. of Taxation, 2 N.J. Tax 415, 419 (Tax 1981).

The taxpayer's "[f]ailure to file a timely appeal is a fatal jurisdictional defect," barring consideration of the merits of the action. F.M.C. Stores Co., 100 N.J. at 425 (citing Clairol v. Kingsley, 109 N.J. Super. 22 (App. Div. 1970), aff'd, 57 N.J. 199 (1970)). A complaint that is filed one day late must be dismissed for want of jurisdiction. Mayfair Holding Corp. v. Twp. of North Bergen, 4 N.J. Tax 38 (Tax 1982). Even in the absence of harm to a defendant, the failure to timely file a complaint within the prescribed 90-day limitations period deprives the court of jurisdiction. See Lawrenceville Garden Apartments v. Twp. of Lawrence, 14 N.J. Tax 285 (App. Div. 1994).

Here, it is undisputed that the Director issued plaintiff the Final Determination letter on August 16, 2023. The Final Determination letter was delivered to plaintiff on August 21, 2023.[2]

---

[2] Plaintiff has not submitted any documentation, certifications, or opposition to the Director's motion challenging receipt of the Final Determination letter on August 21, 2023, or the validity of the address to which the Final Determination letter was mailed.

   

Thus, the court will begin counting the 90-day limitations period from August 21, 2023, the date the certified mail was delivered. See Liapakis, 363 N.J. Super. at 99.

Affording plaintiff the most favorable inferences, the 90-day limitations period for establishing jurisdiction with this court concluded on Sunday, November 19, 2023. However, because the last day of the computation period was a Sunday, under R. 1:3-1, the filing deadline is extended to Monday, November 20, 2023. Here however, plaintiff's complaint was not filed until July 25, 2024, approximately two hundred and forty-eight (248) days after the 90-day limitations period expired. Moreover, the court's review of the pleadings reveal that plaintiff's complaint was signed on July 18, 2024, well beyond the applicable limitations period. Plaintiff has offered no credible evidence that he attempted to file a complaint challenging the Final Determination letter on or before Monday, November 20, 2023.

Accordingly, the court is satisfied that plaintiff's complaint must be dismissed with prejudice for want of jurisdiction. Plaintiff's complaint was filed beyond the ninety (90) day limitations period afforded under N.J.S.A. 54:51A-14, N.J.S.A. 54A:9-10(a), and R. 8:4-1(b).

### III.  Conclusion

Plaintiff's complaint was not timely filed within the ninety (90) day limitations period following receipt of the Final Determination letter, as required under N.J.S.A. 54:51A-14, N.J.S.A. 54A:9-10(a), and R. 8:4-1(b). Therefore, following expiration of the ninety-day period the Director's Final Determination letter became final and fixed. Accordingly, plaintiff's complaint is dismissed for want of jurisdiction.

Very truly yours,

/s/

Hon, Joshua D. Novin, J.T.C.

