KUSKIN, J.T.C.
Plaintiffs filed a complaint contesting defendant’s imposition of an assessment for gross income tax. Defendant moves to dismiss the complaint on grounds of untimely filing. Plaintiffs assert that B. 1:3-3 is applicable in calculating the filing deadline, and that, if the three day extension provided by the Rule is applied, their complaint was filed before the deadline expired.
The factual background relating to defendant’s motion is as follows. On April 13, 2000, defendant sent to plaintiffs, by certified mail return receipt requested, a notice of deficiency of Gross Incpme Tax for tax year 1996. The certified receipt confirms that plaintiffs received the letter on April 15, 2000. By letter dated July 12, 2000, and postmarked July 24, 2000, plaintiffs filed a written protest of the deficiency. On August 8, 2000, defendant’s representative issued a letter denying plaintiffs’ protest because, the protest was filed after the expiration of the ninety day period set forth N.J.S.A. 54A:9-2(b) and -9(b). This letter stated in part as follows:
*279 Please be advised that in accordance with N.J.S.A. 54A:9-10, once a Notice of Deficiency becomes an assessment you have ninety (90) days from the assessment date to appeal to the Tax Court of New Jersey. Your Notice of Deficiency became an assessment on July 12, 2000. Your 90-day Tax Court appeal period will expire on October 10, 2000.
On October 7 or October 8, 2000, plaintiff Joseph Lunin mailed a Complaint to the Tax Court by ordinary mail. The Tax Court Management Office received the Complaint on October 12, 2000.
The statutes relating to notices of Gross Income Tax deficiencies, protest thereof and appeals to the Tax Court set forth the following time schedule. N.J.S.A. 54A:9-2(a) provides that if, after examination of a taxpayer’s return, defendant determines that a deficiency exists, defendant may mail a notice of deficiency to the taxpayer. Under Paragraph (b) of this statute, “[ajfter 90 days from the mailing of a notice of deficiency” the deficiency becomes an assessment of the amount of tax set forth in the notice, unless, within such ninety day period, the taxpayer files a petition or protest pursuant to N.J.S.A. 54A:9-9 (which sets forth the same ninety day period for filing “a petition with the director for a redetermination of the deficiency”). Whether or not the taxpayer files a petition or protest, the time period for appeal to the Tax Court is governed by N.J.S.A. 54A:9-10(a), which provides that an appeal must be filed “within 90 days after any decision; order, finding, assessment or action of the Director of the Division of Taxation.... ” The appeal is to be in accordance with the provisions of the State Tax Uniform Procedure Law. See N.J.S.A. 54A:9-10(a). The applicable portion of the Uniform Procedure Law is N.J.S.A. 54:49-18(a) which provides, in pertinent part, that the time for appeal to the Tax Court commences “from the date of the final determination by the director.”
Defendant contends that, as explained in the August 8, 2000 letter described above, the amount of deficiency set forth in the notice mailed to plaintiffs on April 13, 2000 became an assessment ninety days after the date of mailing, that is, July 12, 2000, and, therefore, that the applicable period for appeal to the Tax Court expired ninety days thereafter on October 10, 2000. Defendant further contends that, because plaintiffs’ complaint was not re- *280 eeived by the Tax Court until October 12, 2000, the Complaint was untimely and should be dismissed.
I have calculated the two ninety-day periods and find that defendant correctly determined the expiration date of each period. Accordingly, under the statutory scheme outlined above, the deficiency set forth in the April 13, 2000 notice became an assessment on July 12, 2000. This date is the equivalent of the “date of final determination by the director” as contemplated by N.J.S.A. 54:49-18. See Peoples Express Co. v. Director, Div. of Taxation, 10 N.J.Tax 417, 423 (Tax 1989) (holding that the date on which a preliminary or proposed assessment under the Corporation Business Tax Act became a final assessment constituted the date of final determination by the Director). Therefore, the ninety-day period for plaintiffs to file an appeal to the Tax Court commenced July .12, 2000 and expired on October 10, 2000. Under R. 8:3-1, an appeal complaint must be filed with the “Clerk of the Tax Court,” now known as the Tax Court Management Office. Filing occurs upon receipt of the complaint. See Leake v. Bullock, 104 N.J.Super. 309, 312-13, 250 A.2d 27 (App.Div.1969). Filing of plaintiffs’ complaint did not occur until October 12, 2000, and, therefore, was untimely. See id, (affirming dismissal for untimely filing of a complaint mailed four days before expiration of the statute of limitations but received by the Clerk of the Superior Court after the statute expired).
Plaintiffs contend that the ninety-day period for appeal to the Tax Court should be extended for three days pursuant to R. 1:3-3. The Rule provides as follows: “[w]hen service of a notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period.” In Township of Holmdel v. Director, Div. of Taxation, 12 N.J.Tax 112 (App.Div.1991), aff'd o.b., 130 N.J. 522, 617 A.2d 656 (1992), the court held that the three-day period should be added in calculating the ninety-day time period for filing an appeal to the Tax Court set forth in N.J.S.A. 54:51A-14, which provides: “[e]xcept as otherwise provided in this section, all complaints shall be *281 filed within 90 days after the date of the action sought to be reviewed.” In Holmdel, supra, the commencement of the time period for filing the complaint was measured from the date of mailing of a letter containing the Director’s decision that the plaintiff was not entitled to receive certain payments. 12 N.J.Tax at 115-17. The Appellate Division reasoned that N.J.S.A. 54:51A-18 (which provides that “[elxcept as otherwise specifically provided by law, the form, content, service and all other matters with respect to the complaint and practice in the tax court shall be as prescribed by rules of court”) made R. 1:3-3 applicable to N.J.S.A. 54:51A-14. Id. at 117.
The decision in Holmdel, supra, applies to plaintiffs’ appeal only if the service by mail of a notice or paper from defendant triggered the commencement of the time period for appeal. As set forth above, under N.J.S.A. 54A:9-2(b), ninety days after the date of mailing of a notice of a Gross Income Tax deficiency, the amount of the deficiency becomes an assessment by operation of law if no timely protest is filed. Accordingly, the deficiency set forth In the notice to plaintiffs became an assessment, and their time for appeal commenced, on July 12, 2000 by operation of law, and not as the result of the mailing of any notice or other document by defendant.[1] As a result, R. 1:3-3, as interpreted in Holmdel, supra, is inapplicable, and plaintiffs’ time to appeal expired on October 10, 2000.
This expiration date cannot be extended for three days by applying R. 1:3-3 to the ninety-day period contained in N.J.S.A. 54A:9-2(b) and -9(b), thereby delaying the date upon which the deficiency set forth in the April 13, 2000 notice to plaintiffs became an assessment. Rule 1:3-3 does not apply to extend the ninety-day period contained in N.J.S.A. 54A:9-2(b) or -9(b) because the sending of a notice of deficiency, the filing of a petition or protest, and the transformation of the deficiency into an assessment pursu *282 ant to those statutes are not proceedings in the Tax Court governed by N.J.S.A. 54:51A-18.
Time limits in tax matters are strictly enforced. E.g., F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 495 A.2d 1313 (1985) (holding that “[s]trict adherence to statutory time limitations is essential in tax matters,” Id. at 424, 495 A.2d 1313, and that “[flailure to file a timely appeal is a fatal jurisdictional defect” Id. at 425, 495 A.2d 1313.) Plaintiffs filed an untimely protest with defendant and filed an untimely complaint with the Tax Court. As a result their complaint is dismissed.

 Defendant had no obligation to notify plaintiffs of the July 12, 2000 date, and the mailing of defendant’s August 8, 2000 letter did not constitute service of a notice or paper as contemplated by R 1:3-3.