NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 815-2922
 TeleFax:  (609) 376-3018
 taxcourttrenton2@judiciary.state.nj.us

April 5, 2018

Russell K. Stewart, Esq.
1310 N. Kings Highway
Cherry Hill, New Jersey 08034

Abiola G. Miles, Deputy Attorney General.
RJ Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625-0106

> Re:    Gola <u>et al.</u> v. Director, Division of Taxation
>         <u>Docket No. 013476-2016</u>

Dear Counsel,

This is the court's opinion on defendant's motion to dismiss the above complaint due to lack of subject matter jurisdiction.  For the reasons below the court finds the complaint was untimely filed.  Therefore, the complaint is dismissed.

## **FACTS**

Plaintiffs, Aseal and Hanna Gola, own and operate a cash for gold jewelry business in New Jersey (trading as Golden Jewelers).  Income therefrom is reported on Schedule C of the plaintiffs' personal gross income tax ("TGI") returns (<u>i.e.</u>, income from sole proprietorships).

Taxation audited plaintiffs' TGI returns for 2011-2014, and mailed the results of the adjustments to plaintiffs' accountant on February 23, 2016.  In that letter, the auditor, Ms.

\*

Sokolova, requested all payments be made to her attention at the address on the letter, which was P.O. Box 289, in Trenton.[1]

On February 29, 2016, the accountant responded to the auditor. He disagreed with her audit methodology.

By letter dated March 24, 2016, Taxation's supervising auditor replied to accountant. This letter also had the same P.O. Box 289 mailing address. The supervising auditor summarized the points of agreement between the parties as to the audit methodology, the accountant's position and why Taxation disagreed with the same, and the reasons why the audit methodology was proper. The letter concluded that if the accountant was "aggrieved by" Taxation's "decision," he should contact the CAB within 90 days of "receipt of a formal billing." The letter copied the auditor.

On April 5, 2016, Taxation's audit billing unit mailed a Notice of Tax Due to both plaintiffs and their accountant by certified mail, return receipt requested. The mail was received by both plaintiffs and their accountant on April 8, 2016. That Notice provided the plaintiffs with 90 days to "request an informal hearing," absent which Taxation's "determination [would] finally and irrevocably fix" the amounts demanded to be paid ($6,761.61).[2] Attached was a statement titled "Taxpayer Rights" giving plaintiffs options to either file an administrative protest, an appeal with the Tax Court within 90 days, or a refund claim on Form A-1730 within 450 days after the 90-day appeal period expired, provided the additional tax was paid within one year after the 90-day appeal period expired and provided plaintiffs had not filed a protest or an appeal. The Statement included

---

[1] The audit increased the reported "net profits from business" from $21,999 to $65,702 (tax year 2011); from $35,993 to 108,800.72 (tax year 2012); from $13,429 to $85,655.86 (tax year 2013); and from $9,064 to $48,386.20 (tax year 2014).

[2] The assessed TGI for each year was $852.24; $2,324.59; $1,624.74; and, $665.86. With penalty and interest the total for each year was $1,144.62; $2,938.44; $1,932.97; and $745.58

the name and address to send the protest as "Chief, Conference and Appeals Branch, N.J. Division of Taxation, P.O. Box 198, Trenton, NJ 08695-0198."

It is undisputed that Taxation's supervising auditor mailed another letter to the accountant dated April 5, 2016. This letter was identical to the one sent on March 24, 2016, thus, contained the identical summation of each party's position, and justification of the audit methodology, including the conclusion that if the accountant was "aggrieved by" Taxation's "decision" he should contact the CAB within 90 days of "receipt of a formal billing." The letter copied the auditor.

Apparently, by letter dated April 19, 2016 plaintiffs' accountant sent a letter to Taxation at "Quakerbridge Plaza Office Complex, Building 9, 3rd Floor, P.O. Box 289, Trenton, NJ 08695-0289," to the attention of the auditor, Ms. Sokolova. He stated that "[o]n April 5, 2016, you mailed a letter to my office concerning" the plaintiffs, and that while he had agreed to "a sampling method . . . for cost of goods sold," he never agreed "that the gross profit percentage for each year would be based on the sample used." He claimed that Taxation had misconstrued his arguments, and disagreed with Taxation's audit methodology as resulting in an inaccurate determination of plaintiffs' gross income. He concluded by stating "we do not agree with your proposed adjustment and will file an appeal with" the CAB.

On September 9, 2016 Taxation issued a Notice of Intended Federal/NJ Offset to plaintiffs, advising them that income tax refunds due to them would be used to set-off the audited TGI liabilities for 2011-2014. In response, by letter dated September 20, 2016 (using the indicated mailing address of P.O. Box 283) plaintiffs' accountant stated that "taxpayers disagree as this balance is part of an audit." He enclosed his April 19, 2016 letter "sent to the auditor," as to which he claimed there was no response. Due to the auditor's unresponsiveness to "requests to review this issue further," the accountant stated that "we will be filing an appeal with the" CAB.

3

On October 18, 2016, plaintiffs filed a complaint with this court challenging the TGI assessments for 2011-2014 using the court's form complaint. It alleged that Taxation's audit methodology was wrong, plaintiffs had amply sufficient records as evidence of the audit's inaccuracies, and resultant distorted net income. They also alleged that they had protested the audit by the accountant's letter of April 19, 2016 as to which "[n]o reply was ever received."

On December 19, 2016 Taxation filed an answer and maintained, among others, that it had no record of receiving the April 19, 2016 "protest."

Almost a year later, on August 24, 2017, plaintiffs added a new paragraph 4 to their complaint to include an allegation that on May 30, 2017 their accountant had paid $852.24 and $665.86, the additional tax assessed for tax years 2011 and 2014 respectively, therefore, they were seeking a refund. Taxation's answer to this amendment did not affirmatively acknowledge or deny a receipt of such payment, instead it vaguely asserted that it "denie[d] all allegations of error that may be inferred from the assertions set forth in paragraph 1 of the Amendment to Complaint." It included equally vague language that it did not "admit or concede the authenticity or content of the documents referenced, but not attached to" the amended answer, "and to the extent that" Taxation "discovers that the documents are inconsistent with [its] records."

Along with this above answer, on September 9, 2017, Taxation moved to dismiss the complaint as untimely because it was filed beyond 90 days of the April 5, 2016 Notice of Tax Due. Taxation also argued that plaintiffs' accountant's letter to Taxation dated April 19, 2016 was never received by Taxation "other than the copy served under cover of the copy" of the complaint, was

4

never proven to be mailed, and in any event, simply indicated an "intention" to file a protest to CAB, therefore, cannot be deemed as a valid timely protest to CAB.[3]

Plaintiffs opposed the motion asking the court to deny the motion as to tax years 2011 and 2014 because they had made a refund claim, and to keep in abeyance the motions as to 2012 and 2013. They maintained that since the issue for all years was the same, the court can "delay the entry of dismissal," and if they failed to prove their entitlement to the refunds for 2011 and 2014, they would concede the deficiencies for 2012 and 2013.

The motion was heard on September 29, 2017. The court ruled that plaintiffs' amended answer, which claimed that they had paid taxes for two tax years, and their response to the dismissal motion that such payment was a refund claim over which this court had subject matter jurisdiction, was not a legally cognizable basis for denial of the summary judgment. This is because the controlling statute for refund claims, N.J.S.A. 54:49-14, addressed claims made to Taxation, not the court. Therefore, until after plaintiffs made a refund claim under this statute to Taxation, and until the same was finally denied by Taxation, this court could not consider the issue.

The court then deferred ruling on the dismissal motion because it desired factual clarification as to the alleged mailing of plaintiffs' accountant's April 18, 2016 letter, and its receipt by Taxation's auditor. This is because although the letter used P.O. Box No. 289 as the mailing address, which was not the CAB's mailing address, it also included the street address, which may or may not have been CAB's physical address, so that the letter could have been delivered to CAB. After such clarification, the court could decide whether the contents of the letter could be deemed as a protest.

---

[3] In a footnote, Taxation maintained that the amendment to the complaint should also be dismissed as untimely since the claim therein "relate back to the date of the original pleading" under R. 4:9-3. Thus, if the complaint is deemed untimely, then the amendment to the same should also be untimely.

The court also advised the Deputy Attorney General that the computation of the time limits to appeal a TGI assessment was not 90 days, but 180 days, as specifically provided by the TGI statute, which her brief had failed to address or reference. The court therefore provided counsel the opportunity to revise her brief in this regard.[4]

The parties briefed the issue as to the accountant's letter. A conferee from the CAB unit certified that P.O. Box 289 is the mailing address for Taxation's Field Audit unit, whereas P.O. Box 198 is the mailing address for the CAB unit. He stated that the offices of both these units were located at the same street address of Quakerbridge Plaza, Building #9, 3rd Floor, in Mercerville, New Jersey, thus the auditor and the supervising auditor (who had corresponded with the accountant), had both worked at this office during the April 2016 period. He also certified that any mail addressed to P.O. Box 198 is received at a "centralized location outside Quakerbridge Plaza," then brought to the CAB office by Taxation's mail carrier, and that the CAB had no record of receiving any protest from plaintiffs. Taxation argued that plaintiffs had failed to prove mailing of the accountant's April 19, 2016 letter to CAB and that the letter in any event, is not a valid protest.

Plaintiffs, though their counsel's brief, conceded that the accountant's April 19, 2016 letter was not mailed to CAB, but was in response to Taxation's supervising auditor's letter dated April 5, 2016. They argued that while the letter did not comply with the instructions as to the requirements for a protest, contained in the April 5, 2016 Notice of Tax Due, it included "all rudimentary requirements necessary." The brief asserted that the accountant's letter was deposited in a mailbox maintained in his office for regular mail, was "timely recorded on the taxpayer's

---

[4] Plaintiffs' counsel agreed that even under the extended 180-day limit, the complaint would be untimely.

6

personal portal maintained by the office staff," and was not returned as undeliverable. There was no certification from the accountant (who was not the "taxpayer") in this regard. Plaintiffs noted that Taxation never addressed what happens to a "misdirected unit" mail, and that the various notices and letters sent by Taxation were confusing, as was the instructions for appeal on the Notice of Tax Due, especially as it relates to refund claims. They concluded that unless their refund issue "could be adjudged as timely," they would have no "judicial opportunity to contest the deficiency" because "it is conceded that this petition was not filed timely and the case can be dismissed with prejudice."

Taxation failed to file a revised brief applying the correct law on the statute of limitations, notwithstanding the court's direction in this regard. It did not offer any reason for this omission. While the court does not condone the Deputy Attorney General's failure to comply with the court's direction, and despite her concession during oral argument that she was unaware of the controlling statute or the precedent in this regard, the court will nonetheless grant her motion because the court can, as it must, take judicial notice of the applicable statute, and for purposes of judicial efficiency, especially where the complaint is untimely even under the 180-day time limit.

**ANALYSIS**

Non-compliance with the statute of limitations deprives this court of subject matter jurisdiction. Therefore, a "failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citation omitted). This is so even if the complaint was filed late by one day. Mayfair Holding Corp. v. Township of North Bergen, 4 N.J. Tax 38 (Tax 1982).

In matters involving State taxes, each statute addressing a particular tax sets forth a 90-day period as the statute of limitation for challenging Taxation's determination as to a taxpayer's

7

liability for that tax. If the statute is silent, then the SUTPL provides a similar 90-day period. See e.g. N.J.S.A. 54A:9-1 (SUTPL provisions control unless they conflict with the TGI statute).

Under the TGI statute, when Taxation determines "that there is a deficiency of income tax," then it may "mail a notice of deficiency" to the taxpayers. N.J.S.A. 54A:9-2. The term "deficiency" means the TGI assessed, under the TGA Act, less the tax reported on the return or previously assessed/collected plus any rebates. N.J.S.A. 54A:9-2(g).

Upon the passage of 90 days from the mailing of this notice, the deficiency becomes an "assessment," unless that taxpayer files an administrative protest. N.J.S.A. 54A:9-2(b); 54A:9-3. See also N.J.S.A. 54A:9-2(c) ("No assessment of a deficiency in tax . . . shall be made . . . until a notice of deficiency has been mailed to the taxpayer, nor" until the 90-day period for filing the protest has expired). If a protest is timely filed, then the assessment is fixed upon Taxation's final determination. N.J.S.A. 54A:9-3. Similarly, until the 90 days has passed, or until a protest (if filed) is final, Taxation cannot proceed to collect on the asserted deficiency. N.J.S.A. 54A:9-2(c).

An "aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of . . . Taxation made pursuant to the provisions of [TGI Act]. . . , appeal therefrom to the tax court in accordance with the provisions of the [SUTPL]." N.J.S.A. 54A:9-10(a). Such an appeal is the taxpayer's "exclusive remedy." N.J.S.A. 54A:9-10(c). If a taxpayer fails to file a complaint within the 90-day period, then Taxation's determination becomes "final." N.J.S.A. 54A:9-10(e).

In Lunin v Director, Div. of Taxation, 19 N.J. Tax 277 (Tax 2001), the court interpreted the above statutory scheme as essentially providing taxpayers two 90-day periods. The first is to challenge the notice of deficiency. The second is to file an appeal with this court when the deficiency becomes an assessment since an assessment "is the equivalent of" Taxation's "final

8

determination" for purposes of appeal to the Tax Court. Id. at 280 (citing to N.J.S.A. 54:49-18). The court noted that the three-day mailing rule (adding three days under R. 1:3-3) does not apply because the initial deficiency's conversion to an assessment is by "operation of law." Id. at 281-82. Therefore, "the sending of a notice of deficiency, the filing of a petition or protest, and the transformation of the deficiency into an assessment pursuant to [N.J.S.A. 54A:9-2(b) and 9-9(b)] are not proceedings in the Tax Court governed by N.J.S.A. 54:51A-18." Id. at 282.

Thus, and in accordance with the above statutory scheme as interpreted by Lunin, Taxation's contention that the statute of limitations expired July 5, 2016, even for filing a complaint to the Tax Court, is incorrect. Rather, plaintiffs had until October 2, 2016 to file an appeal to this court (180 days from April 5, 2016). Since that day was a Sunday, the complaint would be deemed timely filed on Monday, October 3, 2016. Here, however, the complaint was filed October 18, 2016, thus, is 15 days late, not over five months as Taxation's contends.

The issue then is whether the accountant's April 19, 2016 letter addressed to the attention of the auditor, can be deemed as a timely protest, if such letter was received by Taxation. First, plaintiffs provided nothing by way of certifications or affidavits as to the fact of the alleged mailing. Assertions as to the fact of the alleged mailing steps by their counsel, in a response brief, is not a substitute for the same, especially, since the counsel does not claim to have first-hand knowledge and information as to these facts. In the absence of the proof of mailing, there can be no presumption that Taxation received the same. See Ssi Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs.,146 N.J. 614, 621 (1996) ("New Jersey cases have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed.") (citation omitted).

9

Even if the court concludes that the accountant's letter was in fact properly mailed, that the street address and mailing address to Taxation's auditor was correct, and that the auditor received the letter, the court would still find that the letter is not a protest. One reason is because the letter was in response to the supervising auditor's letter of April 5, 2016 addressed to the accountant, and not to the April 5, 2016 Notice of Tax Due sent by Taxation's Audit Billing unit. This is evident because the body of the supervising auditor's letter summarized what both parties had agreed to during audit, why the accountant's position was incorrect, and why the audit methodology was correct, to which the accountant's responded that while he agreed with a portion of Taxation's summary, it had misconstrued his argument. In contrast, the April 5, 2016 Notice of Tax Due contained no such summation and explanation by Taxation.

The second reason is that in responding to Taxation's September 2016 Notice of Intended Set-Off (issued by yet another unit within Taxation), the accountant reiterated that he had written to the auditor, who had failed to respond. Thus, the accountant's conclusion in both letters (April and September of 2016), that "we will be filing an appeal with the" CAB, asserted an explicit intention to file an administrative protest. Indeed, any argument that because the accountant or plaintiffs awaited the auditor's response, any time periods for the protest was somehow equitably tolled, is belied by the accountant's assertion in his September 2016 letter that a protest would be filed with the CAB due to the auditor's unresponsiveness to "requests to review this issue further."

Therefore, even presuming that the accountant's April 19, 2016 letter was mailed to and received by Taxation's audit unit, the contents of the accountant's letter was not a protest to the CAB, but rather the accountant's promise and intention to file one with the CAB.

Finally, Taxation sent its April 5, 2016 Notice of Tax Due to plaintiffs, as well as to the accountant. Although from the above narration it appears that plaintiffs relied upon the accountant

10

to communicate with Taxation in all aspects of the audit, including a response to the set-off notice, they were on notice as to the time frames for filing an appeal to the Tax Court. Indeed, even as of September 20, 2016, when the accountant objected to the set-off, plaintiffs' time to file an appeal with this court had yet to run. In this connection, plaintiffs' argument that the appeal rights were confusing is meritless. The instructions are provided in plain English and set forth the necessary details (place to file, time to file, address for filing, procedures for filing, and information to be included in a protest) explicitly.

This dismissal of the complaint does not foreclose plaintiffs from pursuing any refund claims timely submitted under the TGI and SUTPL statutes. See e.g. Estate of Pelligra v. Director, Div. of Taxation, 23 N.J. Tax 658, 663 (Tax 2008) (if a protest is denied as untimely, taxpayers "opportunity to obtain review of the contested . . . tax liability is not "totally foreclosed" provided the requirements of N.J.S.A. 54:49-13 and 49-14 are met).

**CONCLUSION**

For the aforementioned reasons, Taxation's motion for summary judgment is granted. The complaint is dismissed. An Order and Final Judgment to this effect will accompany this Opinion.

Very truly yours,

Mala Sundar, J.T.C.

11